BOHN v. THE CHICAGO, ROCK ISLAND & PACIFIC
    RAILWAY COMPANY, *Appellant.*

DIVISION ONE.

1. **Master and Servant**: DUTY TO FURNISH SAFE IMPLEMENTS. It
is not the duty of the master to furnish any particular kind of
tools, implements or appliances. His duty in this respect is to use
ordinary care and diligence in selecting and furnishing safe and
suitable tools and implements.

2. ———: ———: NEGLIGENCE. No inference of negligence can
arise where the evidence shows that an implement used by a
servant in the performance of his work was such as is ordinarily
used for like purposes by persons engaged in the same kind of
business.

3. ———: ———: ———. Where timber used as a lever was new,
sound and suitable for all the purposes for which it was used, and
there was no evidence showing or tending to show that it had any
inherent defects whatever, no inference of negligence can be drawn
from the fact that it broke and thereby injured the servant using
it.

4. ———: ———: ———. The insufficient size of a stick to with-
stand the force applied is a matter open and obvious to the person
using it, and the fact that it might break is a risk incident to the
business in which he is engaged and one which he assumed.

5. ———: ———: ———: VARIANCE. Where the negligence alleged
in the petition is carelessly furnishing "unsafe and improper
timbers, prize-poles and means of leverage," a recovery cannot be
had upon the ground that defendant's foreman negligently
ordered too much force to be applied, or ordered plaintiff to take
an unsafe position.

*Appeal from Clinton Circuit Court.*—HON. JAMES M.
            SANDUSKY, Judge.

REVERSED AND REMANDED.

*M. A. Lowe, W. F. Evans* and *T. E. Turney* for
appellant.

(1) Instruction, numbered 1, asked by defendant
should have been given. There is no evidence tending

to show that defendant was negligent in furnishing the piece of timber that broke, or that it was defective, improper or insufficient. . The evidence shows the contrary. *Shultz v. Railroad*, 36 Mo. 1; *Smith v. Railroad*, 37 Mo. 287; *McDermott v. Railroad*, 87 Mo. 285; *Condon v. Railroad*, 78 Mo. 572 ; *Bowen v. Railroad*, 95 Mo. 268; Wood on Master & Servant, secs. 382, 419 ; Shearman & Redf. on Neg.,sec. 99 ; *Railroad v. Troesch*, 68 Ill. 545 ; *DeGraff v. Railroad*, 76 N. Y. 126 ; *Mining Co. v. Kitts*, 42 Mich. 34 ; *Railroad v. Wagner*, 33 Kan. 660. The defense of contributory negligence set up in the answer is proven by the circumstances and testimony of plaintiff's witnesses. Beach on Contributory Negligence [ 1 Ed.] sec. 7, and cases cited. ( 2 ) The court erred in giving the second instruction asked by plaintiff. If the piece of timber was defective it was obviously so. There was no evidence upon which to base this instruction. *Lester v. Railroad*, 60 Mo. 265; *Whitsell v. Railroad*, 67 Ia. 150 ; *Benton v. Railroad*, 55 Iowa, 496. ( 3 ) The motion for new trial should have been sustained. *Brown v. Railroad*, 101 Mo. 484

*Wm. Henry* and *Joel A. Trice* for respondent.

( 1 ) Since the appellant did not stand on his demurrer at the close of plaintiff's testimony, the whole of the evidence on both sides must be considered in passing upon its sufficiency to sustain the verdict. *Bowen v. Railroad*, 95 Mo. 275. ( 2 ) Samuel Crawford was beyond any dispute the vice principal of defendant ( 15 S. W. Rep. 554; *Bowen v. Railroad*, 95 Mo. 268 ; *Moore v. Railroad*, 85 Mo. 588 ; *Hall v. Railroad*, 74 Mo. 298 ; *Smith v. Railroad*, 92 Mo. 359 ) ; and since he was present and actually superintending and controlling the work, it was his duty as representative of defendant to use reasonable and ordinary care and foresight to see that the appliances and means of leverage used under his immediate direction were sufficient

and safe, as they were then being used. *Bowen v. Railroad*, 95 Mo. 278; *Covey v. Railroad*, 86 Mo. 641; *Siela v. Railroad*, 82 Mo. 435. (3) Inasmuch as the jury must have found under the instructions, that it was in pursuance of the orders of the defendant's vice principal that plaintiff occupied the position as shown in the evidence at the time of the injury, and inasmuch as the evidence tends to show the same, and inasmuch as the fact of his obeying such orders might in the judgment of sensible men lead to different conclusions as to whether a man of common sense and prudence would have so acted under the circumstances, this court cannot declare, as a matter of law, that plaintiff was guilty of contributory negligence because of his position. *Huhn v. Railroad*, 92 Mo. 440; *Pelty v. Railroad*, 88 Mo. 306; *Keegan v. Kavanaugh*, 62 Mo. 230; *Conroy v. Vulcan*, 62 Mo. 35; *Devlin v. Railroad*, 87 Mo. 550; *Flynn v. Railroad*, 78 Mo. 205; *Stoddard v. Railroad*, 65 Mo. 520; *Ryan v. Fowler*, 24 N. Y. 410. (4) The circuit court did not commit error in giving to the jury instruction, numbered 2, for plaintiff; for as a matter of law a servant has a right to assume that the appliances furnished him by the master are safe and suitable, and he is not, while the master is, required to examine them for that purpose. *Porter v. Railroad*, 60 Mo. 160; *Porter v. Railroad*, 71 Mo. 79; *Ryan v. Fowler*, 24 N. Y. 410; *Conroy v. Iron Works*, 62 Mo. 35; *Keegan v. Kavanaugh*, 62 Mo. 230; 95 Mo. 278.

BLACK, J.—A prize-pole broke and fell upon the plaintiff, inflicting the injuries of which he complains, while he and fifteen or twenty laborers were engaged in raising a broken turntable upon which there was an engine and tender. It is alleged in the petition that defendant "negligently and carelessly furnished for the use of such employes, including the plaintiff, unsafe and improper timbers, prize-poles and means of leverage for use in so raising and replacing such track,

railing and engine, in consequence of which such prize-pole broke, gave way and fell upon plaintiff," injuring him so that he became a cripple for life.

The answer, besides the general denial, set up negligence on the part of the plaintiff in this, that he improperly took a position immediately under the pole.

The evidence discloses these facts: The work was performed under the orders of a foreman. The plaintiff and other laborers had succeeded in raising one side of the turntable by the use of track levers, and at the time of the accident were engaged in raising the other side. The foreman directed the men to get a stick of timber from a pile of like sawed bridge timbers. He did not direct them to get any particular piece, but some of the laborers picked out the one in question.

The plaintiff assisted in carrying it to the place where it was used. While some of the men were putting it in place, the plaintiff was engaged at other work. After one end had been placed under the table, and fifteen or sixteen men had placed themselves in position to bear down upon it, the foreman directed the plaintiff to assist; and he took hold of a hand rope which had been thrown over the upper end of the lever. That was the only place where he could take a position so as to lend a helping hand. As the men were bearing and pulling down, the lever broke near the fulcrum, and fell upon the plaintiff.

There is evidence to the effect that the rope was tied at the lower ends, thus forming a loop. One witness testified that the foremen said, "Some of you men get into this rope and stand in it;" that plaintiff then placed himself in the loop and was standing in it, and under the lever at the time it broke; and that this was a dangerous place for several reasons. Other evidence is to the effect that the ends of the rope were not tied; that there was no loop in it; that the foreman warned the men to be careful when they began to bear down;

and that the plaintiff was the only man who got under the beam.

The beam, lever or prize-pole was six inches thick, sixteen inches wide, and sixteen feet long. The evidence leaves it in doubt whether it was of white or yellow pine. It had a knot in it, about the size of a dime, some three inches from the place where it broke, but it does not appear that the knot had any agency in causing the timber to break.

The defendant assigns as error the refusal of the court to sustain a demurrer to the evidence.

The *gravamen* of the petition is that the defendant negligently furnished defective, unsafe and improper prize-poles and means of leverage for the use of the employes in raising the turntable. The evidence is all to the effect that bridge timbers, like the timber in question, are constantly used by railroad men to raise and remove heavy bodies of material. This is shown by witnesses versed in such business, and questioned by no one. There can be no fair claim made that defendant was guilty of negligence, for the simple reason that the bridge timber was used as a means of leverage.

It is true the men used track-levers in raising up one side of the broken turntable, and that no accident happened while such levers were used. They were of oak wood, strapped with iron, and much lighter and shorter than the bridge timber. But we do not see that the fact that the track-levers were used at first without accident shows or tends to show negligence in the subsequent use of the larger and heavier timber. It is to be remembered that there was an engine and tender on the broken turn-table. One side having been raised, it would require more force to raise the other side. This is manifest, and hence the use of the bridge timber.

It is not the duty of the master to furnish any particular kind of tools, implements or appliances. His duty in this respect is to use ordinary care and diligence in selecting and furnishing safe and suitable tools

and implements.    No inference of negligence can arise from evidence which shows that the implement was such as is ordinarily used for like purposes by persons engaged in the same kind of business.    The timber used in this case was new, sound and suitable for all the purposes for which it was used, and there is no evidence showing or tending to show that it had any inherent defects whatever.

The only possible claim that can be made, even under the very general averments of the petition, is, that the timber was not large enough to withstand the force applied.    But the insufficient size of the stick to withstand the force applied was a matter open and obvious to the plaintiff.    He could estimate its strength just as well as could the foreman.    The stick being sound and suitable for the purpose for which it was used, the risk arising from the fact that it might break and give way was a risk incident to the business in which the plaintiff was engaged, and one which he assumed.    The plaintiff's case, if any he has, must stand on the ground that the defendant by and through its foreman negligently ordered too much force to be applied to the lever, or negligently ordered plaintiff to take an unsafe position.    No such a case is made by the pleadings, and we do not stop to discuss questions which may arise on such issues of fact.    Cases of that character have had frequent consideration by this court.    The demurrer to the evidence should have been sustained, and the judgment is reversed, and the cause remanded.    All concur.