## MICHAEL CUNNINGHAM, Appellant, v. THE JOURNAL COMPANY, Respondent.

### Kansas City Court of Appeals, May 5, 1902.

1. **Master and Servant:** SAFE MACHINERY: ASSUMPTION OF RISK: NEGLIGENCE: EVIDENCE. No inference of negligence arises where the evidence shows that the machinery used by the servant was such as is generally and ordinarily used for like purposes by persons engaged in similar business; and the servant assumes the hazard incident to the business and can not recover for an injury resulting from the breaking of machinery which could not with ordinary care have been foreseen or guarded against.

2. ————: NEGLIGENCE: PLEADING: EVIDENCE. A servant alleged the negligence of the master in failing to furnish suitable machinery. *Held*, he could not recover on proof that the machinery was negligently operated.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

REVERSED.

*McDougal & Sebree* and *J. D. Wendorff* for appellant.

(1) The hangers that broke were of a character in general use for the work they were doing, and had always proven safe and sufficient. In such case no negligence is shown by the use of the hanger. Holt v. Railway, 84 Mo. App. 443; Mason v. Mining Co., 82 Mo. App. 370; Smith v. Railroad, 69 Mo. 32; Higgins v. Fanning & Co., 195 Pa. St. 599; Ship Building Works v. Nuttall, 119 Pa. St. 149; Railway v. Husson, 101 Pa. St. 1; Hehler v. Schwenk, 144 Pa. St. 384; Titus v. Railway, 136 Pa. St. 618; Reese v. Hershey, 163 Pa. St. 253; Railway v. Huntley, 38 Mich. 537; Laflin v.

Railway, 106 N. Y. 136; Railway v. Allen, 78 Ala. 494; Bohn v. Railroad, 106 Mo. 429; Beasley v. Transfer Co., 148 Mo. 413.   (2)   The court committed error in refusing the defendant's fourth instruction.   The evidence proved that the hangers were in general use and were manufactured for and had been safely used many times in doing exactly the kind of work they were being used for at the time of the accident.   If the jury believed this evidence, then the verdict ought to have been for the defendant; and it was this proposition which this instruction sought to submit, and its refusal was error.   Holt v. Railroad, 84 Mo. App. 443; Mason v. Mining Co., 82 Mo. App. 370; Smith v. Railroad, 69 Mo. 32; Higgins v. Fanning & Co., 195 Pa. St. 599; Ship Building Works v. Nuttall, 119 Pa. St. 149; Railroad v. Husson, 101 Pa. St. 1; Kehler v. Schwenk, 144 Pa. St. 384; Titus v. Railroad Co., 136 Pa. St. 618; Reese v. Hershey, 163 Pa. St. 253; Railway v. Huntley, 38 Mich. 537; Laflin v. Railway, 106 N. Y. 136; Railway v. Allen, 78 Ala. 494; Bohn v. Railway, 106 Mo. 429; Beasley v. Transfer Co., 148 Mo. 413.

F. F. Rozzelle, Frank P. Walsh and John G. Park for respondent.

(1)   The demurrer to the evidence was properly overruled, and the request for a peremptory instruction properly refused.   Sackewitz v. Biscuit Co., 78 Mo. App. 151; Blanton v. Dold, 109 Mo. 75; Flynn v. Bridge Co., 42 Mo. App. 531.   (2)   Defendant's fourth instruction was rightly refused.   Meade v. Weed, 45 Mo. App. 387; McKeon v. Railway, 42 Mo. 84; 2 Ency. Pl. and Pr., 477-478; Wright v. City of Kansas, 18 Mo. App. 436; Dedo v. White, 50 Mo. 241; Turner v. Baker, 42 Mo. 13.

BROADDUS, J.—The plaintiff recovered judgment against the defendant for personal injury re-

ceived while in its employ on account of alleged defective machinery, from which judgment defendant appealed. The injury was received while defendant was installing a new printing press in its place of business at Ninth street and Grand avenue in Kansas City, Missouri, on the eleventh of September, 1899.

From the evidence it appears that the putting together of the printing press, of the dimensions of the one in question, required the use of machinery. A foundation had been laid for the press, over which, and ten feet above the floor of the building, the defendant had constructed its machinery for hoisting and moving the heavy parts in place. This contrivance consisted of two hooks or brackets composed of cast iron attached to the ceiling, about twelve feet apart, which supported an iron rail which extended from one to the other. A carriage moving on two wheels could move along the rail, pass the hangers and travel to the ends of the rail where they would be stopped by pegs. A pulley was attached to this carriage through which a chain passed, which could be attached to the object sought to be lifted or carried. A man at the free end of this chain could lift a great weight. All this apparatus, except the block and tackle which belonged to the defendant, belonged to the Walter Scott Company, which had sold the press to the defendant, and its agent and expert machinist named Newmiller had been engaged to superintend the work of erecting or putting the press together.

The plaintiff, an employee of the defendant, was assisting in the work. While hoisting into position a large iron casting weighing from 2,200 to 2,500 pounds, one of said brackets broke and the block and tackle fell on plaintiff's hand, he being at the time engaged in pulling on the end of said chain. It was shown that the brackets in question were of a character in general use, and had proven safe, and had been previously

Vol 95 app—4

tested more than once, the defendant having used them in lifting up a similar press in 1893, and afterwards at the defendant's present location, to which it moved from Tenth and Walnut streets, and the weights hoisted previously were as great as the one being lifted when the hanger broke as stated. This bracket was brought into court for our inspection, and it was agreed, and it so appeared, that the break was what is called a *clean break,* that is, there were no marks or indications of a previous weakening at the point where the iron was severed.

As the defendant contends that if the plaintiff is entitled to recover, which is denied, he can not recover on the facts proven on the allegations of the petition, we insert herein plaintiff's abstract of said petition, as it seems to state fairly all the substantial allegations contained therein, to-wit: It avers "that plaintiff was employed by defendant September 11, 1899, as a laborer to labor about and clean the parts of a newspaper press; that defendant undertook to elevate a certain heavy casting, weighing 3,000 pounds, from the floor by means of a chain, block and carriage supported by a certain track and hangers; that while plaintiff was engaged in his duty and was hoisting said casting, said hangers broke, and the carriage and its wheels, the chain, block and tackle rolled off the rail and fell on plaintiff's left hand, bruising, wounding and crushing it so that it became necessary to amputate the second finger; that the injury was occasioned by the negligence of defendant in that the hangers supporting the steel rail were insufficient in size and too light and weak to support the immense weight cast upon them; that defendant failed to furnish a sufficient number of said hangers; that defendant knew, or by the exercise of ordinary care, might have known that said hangers were defective, insufficient, unsafe, light, weak and insufficient in number, and that by reason of said injury plaintiff has been permanently crippled," etc.

As before stated these hangers had been used by the defendant for the same purpose in lifting weights equal to the one which was being raised when one of said hangers broke, whereby the plaintiff was injured, and it was further shown that they were of the kind in general use and had in no instance, previously, been found insufficient, and that the number used on the occasion in question were sufficient, according to all past experience. There was little or no evidence on the part of the plaintiff to overturn such evidence on the part of the defendant. It must therefore stand as admitted that the defendant was not guilty of negligence in failing to provide safe machinery for the use of its employee. They were of the kind generally used for the purpose. The testimony of the expert witnesses, Hogg and Thompson, that the hangers, in some respect, were insufficient, did not tend to contradict the evidence of the defendant as to the actual facts in the case, and while they may have stated what was theoretically true as to the strength and quality of said hangers, the undisputed fact still remains that the defendant adopted the machinery in general use and which had proven at all other times safe.

This court held in Holt v. Railway, 84 Mo. App. 443, that "negligence can not be presumed when nothing is done out of the usual course of business, unless the course is improper, or there is some special circumstance calling for more particular care and caution." And this court, in Kane v. The Falk Co., 93 Mo. App. 209, held the defendant liable for injury received by one of its employees for adopting an unusual method of doing work which proved unsafe, thereby causing plaintiff's injury. "Whatever is according to the general, usual and ordinary course adopted by those in the same business, is reasonably safe, within the meaning of the law. The test is general use." Mason v. Mining Co., 82 Mo. App. l. c. 370; O'Mellia v. Railway, 115 Mo. 205; Huhn v. Railway, 92 Mo. 440.

The facts in the case show that the breaking of the hanger was an accident which the experienced machinist superintending the work "could not with ordinary care have foreseen or guarded against." It was "a hazard incident to the business" which the plaintiff was engaged in, and which he thereby assumed. Beasley v. Transfer Co., 148 Mo. 413., "No inference of negligence can arise where the evidence shows that an implement used by a servant in the performance of his work was such as is ordinarily used for like purposes by persons engaged in the same kind of business." Bohn v. Railway, 106 Mo. 429.

But the plaintiff seeks to uphold the judgment of the lower court upon another phase of the case, and in order to understand his contention in that respect, it becomes necessary to enter into a more detailed statement of a part of the testimony. The iron rail that extended from one of these hangers to the other, extended at each end beyond or outside of the respective hangers, and there was a pin at the extreme end of each which had the effect of preventing the carriage from running off the rail. It was shown on the trial that when the accident occurred this carriage had passed the hanger and was resting just outside of it. It is claimed that this was not usual in operating the machinery in question, and that thereby an additional strain was placed upon said hanger, which was the probable cause for its breaking.

Witnesses James Hogg and William R. Thompson, who testified as experts, both give it as their opinion, that the hanger in question was not sufficient in strength to support the load lifted at the time of the break, while the carriage was several inches outside of the hanger, because the strain was greater than if it rested on the rail between the two hangers. They estimate the additional strain by pounds, and we apprehend that their theory in the main is correct. But an examination of the petition, summarized by the respon-

dent, shows that the plaintiff seeks to recover by reason of the defective machinery adopted for the occasion and not by reason of the failure of the defendant to operate the same with proper care. The case was also submitted by plaintiff's instruction number one, on the theory that the defendant had failed to exercise ordinary care, to provide the plaintiff with safe machinery and appliances with which to work. It was not competent for the plaintiff to recover on the allegations of the petition for negligence in failing to furnish suitable machinery, on the proof that the same was negligently operated. Bohn v. Railway, supra.

Upon the evidence under the allegations of the petition, the defendant's demurrer to plaintiff's case should have been sustained. The cause is reversed. All concur.