DON GARVEN, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 8, 1903.

1. **Master and Servant:** NEGLIGENCE: CONTROL OF THIRD PARTY: LIABILITY. While servants are under the control and orders of a stranger, the master can not be held for their negligence, since authority to control is the test of liability.

2. ———: ———: JOINT CONTROL: LIABILITY. But where the master retains joint control with such stranger, then his liability continues.

3. ———: ———: ———: ———: JURY QUESTION. Where there is evidence tending to show the control of the servant was in a third party at the time of the negligent act, such fact should be submitted to the jury.

4. **Negligence:** PLEADING: GENERAL AVERMENT: SPECIFIC ACTS: INSTRUCTION. Where the petition charges specific acts of negligence causing the accident, evidence proving some act not among those named can not be admitted under a general allegation of negligence.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *Frank P. Sebree* for appellant.

(1) The master is not liable to a third person for the negligence of a servant over whom the master has no power of control or direction when the act complained of was performed. Therefore it was error to refuse the demurrer to the evidence, and defendant's instruction number 1. Smith v. Railroad, 85 Mo. 418; Hilsdorf v. St. Louis, 45 Mo. 98; 1 Parsons on Contracts, 102; Cooley on Torts, p. 532; Wood on Master and Servant, p. 620; Town of Paulet v. Railroad, 28 Vt. 297; Miller v. Railroad, 76 Iowa 655; Atwood v. Railroad, 72 Fed. 447; Byrne v. Railroad, 9 C. C. A. 666; s. c., 61 Fed. 605; Bailey v. Railroad, 152 Mo. 449; Blake v. Ferris, 5 N. Y. (1 Seld.) 53; Cunningham v. Railroad, 51 Tex. 503; Callahan v. Railroad, 23 Iowa 564; Hitte v. Railroad, 19 Neb. 620; Wiese v. Remme, 140 Mo. 289. (2) It is well settled in this State that a plaintiff is confined in his right to recover to the grounds alleged in his petition. Gurley v. Railroad, 93 Mo. 445; Ely v. Railroad, 77 Mo. 34; Bohn v. Railroad, 106 Mo. 429; Brown v. Hershey Co., 65 Mo. App. 162; Colliott v. Mfg. Co., 71 Mo. App. 163.

*C. E. Burnham* for respondent.

(1) Joint masters are jointly and severally liable for the acts of their servant, though his wages are paid by one of them. Barry v. Railroad, 42 Iowa 246; Railroad v. Jones, 75 Tex. 151. (2) There is a substantive, independent averment, not connected with the other charges of negligence contained in the petition, and was broad enough to admit evidence that agents of defendant in charge of the colliding engine discovered plain-

tiff's peril in time to have avoided the injury and failed to do so. Dickson v. Railroad, 104 Mo. 503 (smokestack case); Goodwin v. Railroad, 75 Mo. 76; Schneider v. Railroad, 75 Mo. 296; Elliott v. Railroad, 76 Mo. 535; Garner v. Railroad, 34 Mo. 235; McPheeters v. Railroad, 45 Mo. 24; Mock v. Railroad, 77 Mo. 234; Crain v. Railroad, 87 Mo. 588.

ELLISON, J.—The plaintiff was a fireman in the employ of the Chicago & Alton Railway Company, and while on one of its engines running on the tracks of another road, viz., the Union Pacific Railway Company, it collided with one of defendant's trains then being run over the Union Pacific track whereby plaintiff was seriously injured. The plaintiff prevailed in the trial court.

The evidence disclosed that the defendant run its trains west out of Kansas City, Missouri, over the tracks of the Union Pacific Railway Company under a contract between them; and that the engine on which plaintiff was riding was a switch engine engaged in switching and at the time was on the same track. There was evidence tending to show that defendant's trains while running out of Kansas City, over the tracks of the Union Pacific, were under the control, direction and orders of the latter company. There was also evidence given, by the general superintendent of the latter company, that such trains were run under the joint rules of that company and the defendant; that is to say, under the rules of that company adopted by the defendant and issued by it jointly with that company. Defendant asked a peremptory instruction that plaintiff could not recover.

1. It is undoubtedly true that where some third person is injured by the negligence of the servants and agents of a master, yet, if at the time of the act of negligence, such servants are under the control and orders of another, the master of the servants can not

be held for such negligence. The authority, at the time, to control is the test. Hilsdorf v. St. Louis, 45 Mo. 98; Smith v. Railroad, 85 Mo. 418; Byrne v. Railroad, 61 Fed. 605; Brady v. Railroad, 114 Fed. 100; Atwood v. Railroad, 72 Fed. 447.

2. But we conceive that rule to be founded on the fact that such servants are under the sole or exclusive control of another. If the master retains joint supervision or control, the reason upon which the rule is based ceases and the case is placed without the influence of the rule. The rule itself is founded on the principle that a master's liability results from his right of control and direction of his servants and that, therefore, in those acts of negligence of the servant, committed while the servant is not under the master's control, liability does not attach. So that if the master does not resign full control of his servant, his liability for the negligent act has not been severed.

Since, as before stated, there was evidence tending to show a joint control, the trial court was right in refusing the peremptory instruction.

But defendant asked a further instruction (number five) submitting the hypothesis of its servants being under the control of the Union Pacific alone and not under its control, and this was refused. By such action the court committed harmful error against defendant, since there was evidence tending to support the instruction.

3. The fifth instruction for plaintiff submitted the question whether "defendant's employees *became aware* of the presence on the track of the Chicago & Alton switch engine . . . in time to have enabled them" by care to have stopped the train, etc. Defendant contends that no such negligence was charged. The petition contained a general charge that the defendant's train was carelessly and negligently run against the Chicago & Alton engine on which plaintiff was engaged. Plaintiff claims on the authority of Dickson

v. Railway, 104 Mo. 503, that the instruction was proper under such general charge. The difficulty with such claim is that thereafter the petition especially avers that "the defendant was guilty of the following acts of carelessness, negligence and unskillfulness, and that some one, or more, or all of such acts of carelessness, negligence and unskillfulness was, or were, the direct, immediate and proximate cause, or causes, of plaintiff's said injury, to-wit," setting out five distinct causes, neither of which is the one submitted in the instruction. The fifth and last act of negligence charged was that defendant's servants *failed to become* aware of the presence of the engine on which plaintiff was riding. The negligence submitted was clearly not the negligence thus specifically charged. And since plaintiff saw fit to charge specifically just what acts of negligence caused the accident, he can not under the general allegation, prove something not among those named, and the Dickson case is therefore not applicable. That a plaintiff is confined to the grounds of negligence pleaded is thoroughly settled. Cunningham v. Journal Co., 95 Mo. App. 47; Gurley v. Railroad, 93 Mo. 445; Ely v. Railroad, 77 Mo. 34; Bohn v. Railroad, 106 Mo. 429.

For the reasons aforesaid the judgment will be reversed and cause remanded. All concur.