CARL LOWENSTEIN, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 27, 1905.

NEGLIGENCE: Pleading: Evidence: Instruction. While a general charge of negligence will suffice, yet, if followed by particulars the latter become the issues, and the plaintiff may not broaden them by evidence or instruction.

Appeal from Jasper Circuit Court.—*Hon. Hugh C. Dabbs*, Judge.

REVERSED AND REMANDED.

*Martin L. Clardy, E. O. Brown* and *George W. Crowder* for appellant.

(1) Having specifically alleged just what acts of negligence caused the injuries complained of, plaintiff must be confined to the negligence pleaded, and, therefore, cannot prove something not among those named. Ely v. Railroad, 77 Mo. 34; Bohn v. Railroad, 106 Mo. 434; Cunningham v. Journal Co., 95 Mo. App. 47; Garven v. Railroad, 100 Mo. App. 621; Lien v. Railroad, 79 Mo. App. 475; Gro. Co. v. Railroad, 89 Mo. App. 534; Peterson v. Railroad, 156 Mo. 552; Huggart v. Railroad, 134 Mo. 673; Watson v. Railroad, 133 Mo. 246; Lane v. Railroad, 132 Mo. 4; Payne v. Railroad, 136 Mo. 562; Spillane v. Railroad, 135 Mo. 414; Ridenhour v. Car Co., 102 Mo. 287; Cogan v. Railroad, 101 Mo. App. 179; Myers v. Railroad, 103 Mo. App. 268. (2) And under the well-settled rulings of this court the issues made by the pleadings cannot be broadened by the instructions. Aston v. Transit Co., 79 S. W. 999; Breeden v. Min. Co., 103 Mo. App. 176, 76 S. W. 731; Garvin v. Railroad, 100 Mo. App. 621; O'Brien v. Loomis, 43 Mo. App. 34; Bohn v. Railroad, 106 Mo. 429; Ely v. Railroad, 77 Mo. 34; Gurley v. Railroad, 93 Mo. 445; Cunningham v. Journal Co., 95 Mo. App. 47; Waldhier v. Railroad, 71 Mo. 513; Schnider v. Railroad, 75 Mo. 295; McCarty v. Hotel Co., 144 Mo. 402; Chitty v. Railroad, 148 Mo. 75; Watson v. Railroad, 133 · Mo. 246; Conway v. Railroad, 24 Mo. App. 235; Adolph v. Baking Co., 100 Mo. App. 214.

*Howard Gray* for respondent.

(1) The objections made to instruction numbered 1 are twofold. First, that the issues submitted were broader than the pleadings; and second, that the court should have told the jury what was an unsafe and dangerous crossing instead of leaving it to the jury to de-

termine under the evidence. It has always been the rule in this State that such matters are for the jury and not for the court. Kinney v. Springfield, 35 Mo. App. 97; Clay v. Railroad, 24 Mo. App. 39; Huhn v. Railroad, 92 Mo. 440; Tabler v. Railroad, 93 Mo. 79.

ELLISON, J.—The plaintiff was thrown from the top of a wagon load of baled hay as he was going over one of defendant's crossings of its track near its station at Jasper, in Jasper county. He received an injury for which he brought this action alleging the negligence of the defendant in constructing the crossing. He prevailed in the trial court.

The negligence upon which the action is based is specifically charged to be that, "while defendant had attempted to construct a crossing over its said track, which it invited the public to pass over, yet the same was carelessly and negligently permitted to become dangerous, as follows: The defendant had placed a board or boards on the inside of the rails between its said track at said point and on the outside thereof at said places, and had carelessly and negligently filled in between said boards and in the middle and center of its track with soft and fresh gravel so that a loaded wagon passing off of said boards would drop through said gravel to a great depth, to-wit: A foot or more and thereby cause a person to pitch or be thrown from the wagon or vehicle on which he was riding at the time."

Under such specific charge no other ground of negligence should have been submitted to the jury. For, while a general charge will suffice, yet if the complaining party sets out the particular negligence such particulars become the issues and he has no right to broaden them by submitting other acts to the jury. [Chitty v. Railroad, 148 Mo. 64; McCarty v. Hotel Co., 144 Mo. 397, 402; Cunningham v. Journal Co., 95 Mo. App. 47; Garven v. Railroad, 100 Mo. App. 617.]

In disregard of this rule, plaintiff obtained an instruction over the protest of defendant wherein was submitted to the jury the question whether defendant attempted to repair or reconstruct its crossing; and whether in doing so it raised its tracks. Neither of these things is among the charges of negligence which we have set out above from plaintiff's petition, and it was, therefore, error to submit them to the jury.

As the case is to be retried, we will add that the objections made by defendant to evidence of the condition of the approaches to the crossing and of unsound planks at the south end of the crossing, in view of the petition, were well taken; but as no exception was saved to the court's ruling, defendant cannot now complain.

We have not discovered any other substantial error and the judgment will be reversed and cause remanded for new trial. All concur.