## MARY POLITOWITZ, Respondent, v. THE CITIZENS TELEPHONE COMPANY, Appellant.

**Kansas City Court of Appeals, December 4, 1905.**

1. **NEGLIGENCE: Pleading: Instruction.** Instructions should not submit to the jury acts of negligence not charged in the petition.

2. **——: ——: ——: Fastened Wires v. Fallen Wires.** A petition bottomed the right to recover on the fact that the telephone wires were improperly fastened and were of rotten material and so fell to the sidewalk. The instruction permitted a verdict if the wires fell upon the ground from any negligent cause. *Held*, fatal error.

3. **——: ——: ——: Notice.** Where a defendant telephone company is guilty of negligence in letting its wires fall on the sidewalk, its knowledge or notice thereof is of no consequence and need not be included in the hypothesis of an instruction.

4. **——: ——: General v. Particular Averment.** When particular negligences are pleaded they limit the breadth of the general charge and the plaintiff is confined to such particular acts.

5. **——: ——: Instructions: Invited Error.** The defendant is held not to have invited the error complained of, since the reference to notice in its instruction is founded on the hypothesis of its freedom from negligence in the construction of its lines.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

REVERSED AND REMANDED.

*Thos. J. Porter* for appellant.

(1) It was error to submit the case to the jury on proof of facts not pleaded, even though the facts proven would have constituted a good cause of action against the defendant. Chitty v. Railway, 148 Mo. 64; Gas Light Co. v. Mercer, 48 Mo. App. 644; Matson v. Frazer, 48 Mo. App. 302; State ex rel v. Stillington, 51 Mo. App. 252; Yarnell v. Railway, 113 Mo. 570; Raming v. Metropolitan, 157 Mo. 477, 506; Neville v. St. Louis, 158 Mo. 293. (2) Plaintiff cannot declare on one cause of action and recover on another. Haines v. Pearson, 100 Mo. App. 555; Waldhier v. Railway, 71 Mo. 516; Gurley v. Railway, 93 Mo. 449; Budd v. Hoffheimer, 52 Mo. 302; Spiro v. Transit Co., 102 Mo. App. 261. (3) It is the duty of the court by its instructions to confine the jury to the consideration of the specific grounds of negligence alleged in the petition. Jocquin v. Grand Ave. Co., 57 Mo. App. 320; Schlereth v. Railroad, 96 Mo. 509; Dolstrom v. Railroad, 95 Mo. 99; Mfg. Co. v. School Dist., 54 Mo. App. 371; Bank v. Murdock, 62 Mo. 1. c. 73. (4) The general allegation that the injury complained of "was on account of the careless and negligent construction, operation and maintenance of their electric and telephone wires," must be referred to the specific negligence charged in the petition, and will not admit of proof of other negligence than that specifically stated. McManamee v. Mo. Pac., 135 Mo. 447, and cases there cited; Breeden v. Mining Co., 103 Mo. App. 176; Mueller v. Shoe Co., 100 Mo. App. 515; Winkleman v. Light Co., 110 Mo. App. 189.

*T. J. Dawson* and *F. F. Harl* for respondent.

(1) The allegations of plaintiff's petition as to the negligence of defendant were sufficiently specific, but if too general, objections should have been taken to them

by proper motion before the trial. A general allegation is good after verdict. Johnson v. Railway, 96 Mo. 340; Foster v. Railway, 115 Mo. 165. (2) The allegations were sufficient to advise the defendant of the negligent acts complained of, and if sustained by any evidence should have been submitted to the jury. Willis v. Railway, 44 Mo. App. 51; Condon v. Railway, 78 Mo. 567; Palmer v. Railway, 76 Mo. 217. (3) If the acts of negligence submitted to the jury correspond with any acts of negligence charged in the petition and are supported by the evidence, this is sufficient to sustain the verdict. Schenck v. Butler, 50 Mo. App. 106; Clay v. Railway, 24 Mo. App. 39. (4) If the court was wrong in submitting this question to the jury, defendant cannot complain of it because it invited the court into this error by asking instructions Nos. 1 and 2, which were given by the court on behalf of defendant. Defendant will not be heard to complain of error which he himself invited. Soldanels v. Railway, 23 Mo. App. 516; Musser v. Adler, 86 Mo. 445; Pritchard v. Hewett, 91 Mo. 547; Jennings v. Railway, 99 Mo. 394.

ELLISON, J.—This action is for personal injury received by plaintiff in consequence of an electric shock caused by contact with one of defendant's telephone wires. The judgment in the trial court was for the plaintiff. The defendant maintained telephone wires, the city of St. Joseph maintained an electric lighting plant, and the St. Joseph Railway, Light, Heat and Power Company also maintained wires. All of these wires were alleged to be strung throughout the city and all heavily charged with electricity. They were in many places near together, either on the same or nearby poles. Plantiff was hurt at a point where the wires of each corporation are close together and she brought her action against all three, but she dismissed as to all save the telephone company, thus leaving the charge of neg-

ligence to stand against the telephone company alone.

The defendant's contention on this appeal is that, at plaintiff's instance, the trial court submitted the case to the jury on acts of negligence which were not charged in the petition. If this be true, the judgment must necessarily be set aside. [Garven v. Railway, 100 Mo. App. 617; Cunningham v. Journal Co., 95 Mo. App. 47.]

The negligence alleged in the petition is that defendant's wires, being charged with powerful and dangerous amounts of electricity, were carelessly and negligently contructed, maintained and operated. That they were not properly and lawfully insulated and protected. That the wires, fastenings and attachments were defective, and the wires sagged down and were constructed of poor, rotten material, and that they broke and fell across the sidewalk where plaintiff came in contact with them. We thus state the charges in the petition in the order in which they are there stated. These charges amount to this, that the defendant carelessly and negligently constructed, maintained and operated its wires, in this, that they were not properly insulated and protected, that the attachments and fastenings were defective, and the wires sagged down, and the wires were made of poor and rotten material, and that they broke and fell across the street. The plaintiff's instruction directed the jury to find for her if they believed that defendant carelessly and negligently permitted its wires to fall and lay down on the street, provided the jury further believed that defendant had notice that the wires were in a loose or sagged condition, or that such condition had existed a sufficient length of time before the injury to have enabled defendant to have known of it by the exercise of ordinary care and caution.

There was thus submitted in the instruction an entirely different case from that charged in the petition—a case bottomed on an entirely different theory. The whole substance and meaning of the charge in the peti-

tion is, that the wires were so improperly fastened to the poles and were of such poor and rotten material that they fell onto the sidewalk; whereas, the instruction permitted a verdict for plaintiff if the wires fell upon the ground from any negligent cause. The instruction should have followed the petition and have required the jury to find that the defendant negligently, improperly fastened and attached its wires, or that defendant negligently used and maintained wires in its lines which were poor and rotten, so that they fell upon the street, etc.

If the defendant is guilty of the negligence charged in the petition, its knowledge or notice that the wires were down is of no consequence and need not be included in the hypothesis of an instruction.

Portions of plantiff's petition might be construed as making a general charge of negligence. But whatever may be said of that, it is certain that the particulars in what the negligence consisted of are pleaded, and, when such is the case, the particulars are considered to limit the breadth of the general charge and the plaintiff will be confined to the particular negligent acts alleged. [Lowenstein v. Railway, 110 Mo. App. 686, and cases there cited.]

It is suggested that, if there was error in plaintiff's instruction, it was error invited by defendant. We do not so consider it. It is true, defendant submitted an hypothesis, in its first instruction, of defendant's having knowledge of the wire being down; but that was based on the wire having fallen by reason of being severed from causes not mentioned in plaintiff's petition. And so knowledge was submitted in its second instruction, but that was founded on the hypothesis that defendant had not been negligent in the construction of the line. But the question of knowledge of the defendant as submitted in plaintiff's instruction, while a confusing burden in the case, is not the main objection to it,

as we have shown. The main objection is that it was not confined and limited to the negligence charged.

The judgment is reversed and the cause remanded. *Broaddus, P. J.,* concurs; *Johnson, J.,* not sitting.