## WILCOX *v.* HEBERT.

### Opinion delivered April 12, 1909.

1. MASTER AND SERVANT—DUTY IN REGARD TO APPLIANCES.—A master is only held to the exercise of ordinary care, proportionate to the danger to be incurred, in the selection of reasonably safe machinery and appliances, and in keeping them in proper condition, and is not an insurer of the safety of the appliances furnished, nor bound to supply any particular kind of machinery, nor to use any particular character of safeguard against danger. (Page 148.)

2. SAME—WHEN NEGLIGENCE QUESTION FOR JURY.—A mere error of judgment in selecting a more dangerous kind of machine than could have been provided, or in altering a machine so as to render it less safe, does not, as matter of law, render a master liable to his servant, but it is a question for a jury to say whether or not it constitutes negligence. (Page 149.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; reversed.

*Read & McDonough,* for appellants.

*Edwin Hiner* and *Ira D. Oglesby,* for appellee.

McCULLOCH, C. J. Appellants operated a steam laundry in the city of Ft. Smith, Arkansas, and appellee, a girl between

fourteen and fifteen years of age at the time of the occurrence which is the subject-matter of this action, was working for them. She sustained a physical injury while working for them, and sues to recover damages, alleging that their negligence caused the injury. She was engaged at work at an ironing machine, called a mangle, and while feeding a garment into the mangle one of her hands became caught between two rollers and was badly crushed and burned. She alleged in her complaint that she was, at the time she received the injury, inexperienced in the operation of said machine and ignorant of the dangers attending its use; that it was a dangerous machine to one inexperienced in its use, and was rendered more dangerous by the removal of a guard-rod which, she alleged, was placed on the machine by its manufacturers as an additional protection to persons while operating it. Negligence of appellants is alleged (1) in failing to instruct her as to the performance of her work so as to avoid injury and to properly warn her of the danger attending the work; and (2) in removing the guard-rod from the machine and permitting its use without the guard-rod.

Appellee and another girl about the same age were working together feeding garments into the mangle. They stood on a platform in front of the mangle and took the garments to be ironed from a basket which was attached to the front of the feed apron. The feed apron revolved toward the rollers of the machine so as to carry the garments, when laid on it, between the rollers, a large heated iron roller and the small felt rollers which pressed the garments against the heated roller. In this way the garments were ironed. In feeding the garments into the machine it was not necessary for feeders to permit their hands to pass between the rollers, and the first of the felt rollers extended over somewhat in front of the iron roller so as to serve as a warning, when touched, of the near approach to the heated roller. It was necessary, however, for the feeders to spread a garment out on the feed apron so that it would properly pass between the rollers, and to hold the end of the garment, after the other end started between the rollers, so that it would pass through straight and smooth. Appellee and her companion were at the time of the injury ironing aprons, and she had one of the strings of the apron which she was ironing wrapped

around her fingers and was holding it by this string when she allowed her hand to be carried between the rollers. When her hand was extricated, it was found that the apron string was wrapped around three of her fingers, and·her fingers were closed around the string.

It is contended on behalf of appellants that, according to the undisputed evidence, appellee was fully instructed as to her duties and warned of all the dangers attending the work; that according to her own evidence she was fully aware of the danger, and that the injury was caused by her own carelessness. On the other hand, it is contended by counsel for appellee that, according to the undisputed evidence, no instruction was given to her as to the proper way to do the work so as to avoid danger, and no warning of the danger given at all. It is unnecessary for us to attempt to decide which of these widely differing contentions is correct, as the case is to be reversed on other grounds hereinafter stated, and the evidence may be different in the next trial. The law is plain as to the duty of an employer to warn and instruct an inexperienced servant and need not be stated now.

The testimony establishes the fact that the machine in question had been in use about seventeen years, and was originally made without a revolving feed apron, but with a guard-rod in front of the first felt roll so as to serve as a warning to the person feeding garments into the machine. That about six years before the injury appellants purchased and attached to the machine a revolving feed apron which increased the space between the person feeding and the rollers, and that they then removed the guard-rod and operated the machine thereafter without it. Appellants adduced testimony tending to show that the guard-rod could not be used on the machine with the feed apron attached, and that the alteration made in attaching the revolving apron, even with the guard-rod discarded, diminished the danger to the operator. And there was also evidence adduced by appellee that mangles are now manufactured with a revolving apron attached and with a guard-roll, which is a different appliance from the guard-rod.

The court, over the objection of appellants, gave the following instructions at the request of appellee: "7. If the jury

believe from the evidence that the machine at which plaintiff was at work was made with a guard-roll—that is, when con-structed and put up by the manufacturers, contained such roll or roll—that this guard-rod was put on the machine for the pro-tection of persons using it, and that it was a protection and contributed to the safety of persons using it, that defendants per-mitted the machine to be operated without such guard-roll, and that its absence from the machine at the time plaintiff was in-jured caused or contributed to the accident by which she was injured, then defendant would be liable, if the accident was caused by the absence of the guard-roll, or would not have hap-pened if the machine had been provided with same."

This instruction was erroneous. In the first place, it ignored the difference, which appellant's testimony tended to explain, between a guard-roll and a guard-rod, and used the two terms interchangeably. This confusion of terms should, perhaps, have been met with a specific objection.

But the fatal objection to the instruction is that it made appellants insurers of the safety of the machine, and ignored their contention that it was less dangerous after attaching the feed apron and removing the guard-rod than it was before. The instruction, in the face of the testimony, tended to show that the machine in its altered condition was safer than it was be-fore the alteration was made, and that a guard-rod could not be used with the revolving apron, told the jury as a matter of law that if the guard-rod was a protection and contributed to the safety of persons using the machine, and its absence caused the injury, its removal constituted negligence, and ren-dered appellants responsible for the injury. Its effect was to tell the jury that, even though appellants exercised the care of a prudent person in providing a machine reasonably safe for the use intended, yet, if it turned out to be less safe on account of the removal of the guard-rod, it constituted negligence to re-move the guard-rod. This is not the law. The master is only held to the exercise of ordinary care, proportionate to the dan-ger to be incurred, in the selection of reasonably safe machin-ery and appliances, and in keeping them in proper condition. *Harris Lumber Co.* v. *Morris*, 80 Ark. 260; *Hough* v. *Railway Company*, 100 U. S. 213; 1 Labatt on Master & Servant, § §

14-16. He is not an insurer of the safety of the appliances furnished, and is not bound to supply any particular kind of machinery, nor to use any particular character of safeguard against danger. 1 Labatt on Master & Servant, § 35; *Dynen* v. *Leach*, 26 L. J. Exch. N. S. 221; *Bohn* v. *Chicago, R. I. & P. Ry. Co.*, 106 Mo. 429.

The question of his liability for damages on account of having furnished a piece of machinery which turns out to be unsafe, and which proves to be the proximate cause of an injury to the servant, must be tested by the question as to what care a man of ordinary prudence would have exercised under similar circumstances. A mere error of judgment in selecting a more dangerous kind of machine than could have been provided, or in altering a machine so as to render it less safe, does not necessarily convict the master of culpable conduct toward his servant, but it is a question for a jury to say whether or not it constitutes negligence. *Stringham* v. *Hilton*, 111 N. Y. 188, 18 N. E. 870; *So. Pac. Ry. Co.* v. *Seley*, 152 U. S. 145; *Smith* v. *St. Louis, K. C. & N. Ry. Co.*, 69 Mo. 32; *Grattis* v. *Kansas City, P. & G. Rd. Co.*, 153 Mo. 380; *Foley* v. *Pettee Mach. Works*, 149 Mass. 294; *Wood* v. *Heiges*, 83 Md. 257.

The error of the instruction was inherent, and it was not and could not have been cured by any other instruction. Its prejudicial effect is obvious, for it cut off appellant's effort to show that the mangle was reasonably safe for the intended use, and that they had increased the safety by attaching the feed apron, and had not diminished it by removing the guard-rod.

For this error the judgment is reversed, and the cause remanded for a new trial.

BATTLE, J., absent.