SOUTHERN OIL COMPANY v. E. H. CHURCH, JR.

Decided April 29, 1903.

**Injury to Person—Defective Machinery—Independent Contractor.**

One furnishing defective machinery to an independent contractor for work by servants of the latter under his contract with the person furnishing it, does not thereby become liable for personal injury resulting from such defect to the contractor's servant in performance of the work.

Appeal from the District Court of Navarro. Tried below before Hon. L. B. Cobb.

*Frost, Neblett & Blanding,* for appellant.

*Simkins & Mays,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action for damages by appellee against the Southern Oil Company, which resulted in a verdict and judgment in plaintiff's favor for $10,000.

The appellee in his petition states that he was injured on the 19th day of September, 1900, and that prior to that time the Southern Oil Company was engaged in the development and production of oil in and around the city of Corsicana, by drilling and causing to be drilled wells for such purpose and erecting derricks for the purpose of being used by contractors and drillers, whom the oil company employed for the purpose of drilling such wells; that the oil company entered into a contract with Hammil Bros. to drill for it a well on land controlled by the oil company, and that they furnished to Hammil Bros., to be used as one of the means employed in drilling the well, a derrick; that the derrick was to be used by Hammil Bros., its agents and employes; and that the plaintiff at the time that he was injured was in the immediate employ of Hammil Bros., working for them in drilling the well; that the defendant, the oil company, did furnish to Hammil Bros. the derrick to be used by them in drilling the well, and that at

the time that the same was delivered to Hammil Bros. it was in a defective condition; that the defendant oil company was guilty of negligence in constructing the crown of the derrick, in that the pieces of plank used in making the crown were of second-hand material, and were insufficient in size and strength to sustain the weight and pressure which would necessarily be placed thereon in drilling said well; that said crown was not built on a level, as it should have been, and was insufficiently and insecurely nailed to the top of the derrick; that as a result of this negligence the crown piece gave way, which caused the crown block to fall from the top of the derrick, from which an iron bolt struck the plaintiff upon the head, causing the injuries he sustained.

The defendant among other defenses pleaded that the injury was caused by the negligence of Hammil Bros., who were at the time independent contractors, and that the plaintiff at that time was in the immediate employment and under the control of Hammil Bros.

We find the following facts: That the plaintiff was injured at the time and place, and in the manner substantially as alleged in his petition; that the top of the derrick, where the crown piece which was alleged to be defective was placed, was about sixty feet from the ground; that the crown piece gave way, which caused the crown block, which was resting thereon, to fall, and an iron bolt therefrom struck the plaintiff; that the plaintiff was at the time in the employ of Hammil Bros., and that the Southern Oil Company had no control over him whatever; that he was not guilty of any negligence at the time that he received his injuries, and was then in the performance of his duties as an employe and servant of Hammil Bros.; that the derrick had been furnished and delivered to Hammil Bros. by the Southern Oil Company in the defective condition, as alleged by the plaintiff, and that Hammil Bros. had not, from the time it was received, exercised the proper care to inspect the same; that the Southern Oil Company had no control or supervision over Hammil Bros. or their men at the time that the accident occurred. The oil company, however, by its contract with Hammil Bros. reserved the right to exercise some control over Hammil Bros. when oil sand should be reached by the drill. This condition had not arisen at the time that the plaintiff was injured. Besides the derrick, the oil company furnished to Hammil Bros. the water to be used in operating the drill. Hammil Bros. owned and furnished and used in drilling the well the engine, boiler, ropes, tackle and crown block, and all the machinery necessary to drill the well. The Southern Oil Company had no control or direction over Hammil Bros. or any of their employes or machinery or derricks in drilling the well, other than as stated. At the time of the accident, the derrick had been in use by Hammil Bros. in drilling the well from five to twelve days. There is no evidence in the record that at the time that the derrick was delivered to Hammil Bros. for use, that the same was inherently dangerous.

There is no dispute in the evidence as to the facts as above stated. There was no contract duty resting upon the Southern Oil Company to the appellee. The law would imply the duty resting upon the appellant not to intentionally or willfully injure the appellee, or knowingly furnish him agencies to be used in his employment that are inherently dangerous. Nothing of this kind is shown by the evidence in this case. The duty looking to the care of the plaintiff, under the facts stated, rested upon Hammil Bros., and for negligence which consisted merely in acts of omission or failure to perform ordinary care looking towards his safety, the plaintiff should be limited to a recovery from them. This doctrine is recognized in the following cases: Hale v. Dutant, 39 Texas, 667; Cunningham v. Railway Co., 51 Texas, 503; Wallace v. Southern Cotton Oil Co., 91 Texas, 18; Railway Co. v. Nass, 94 Texas, 255; Cuff v. Railway Co., 35 N. J. L., 17; Kahl v. Love, 37 N. J. L., 5; Savings Bank v. Ward, 100 U. S., 195; Winterbaum, v. Wright, 10 Mees. & W., 109; Marvin Safe Co. v. Ward, 46 N. J. L., 19; Heizer v. Kingsland Mfg. Co., 33 Am. St. Rep., 482; Necker v. Harvey, 49 Mich., 517; Griffin v. Jackson Light and Power Co., 55 Law. Rep. Ann., 318; McCaffrey v. Moossberg-Granville Co., 55 Law. Rep. Ann., 822; Fowles v. Briggs, 40 Law. Rep. Ann., 528; Goodlander Mill Co. v. Standard Oil Co., 63 Fed. Rep., 400; Boswell v. Laird, 8 Cal., 469; Daughterty v. Herzog, 32 Law. Rep. Ann., 837; Curtin v. Somerset, 23 Am. St. Rep., 220; Presbyterian Congregation v. Smith, 43 Am. St. Rep., 814.

Judgment reversed and here rendered in favor of appellant.

*Reversed and rendered.*

### ADDITIONAL FINDINGS.

The appellant, when it furnished to Hammil Bros. the derrick, could, by the exercise of ordinary care, have known that it was defective, as stated in our original finding; and at the time knew that it would be used by the servants of Hammil Bros. in drilling the well. Hammil Bros. used the derrick in the ordinary and usual way in drilling the well, and the defective condition of the crown piece of the derrick did not arise by reason of the use by Hammil Bros., but existed when furnished to them by the appellant. The appellant also furnished Hammil Bros. the piping or casing used in the well. The iron bolt that struck the plaintiff was not in the crown piece, but in the crown block.

The above are additional findings.

Filed June 10, 1903.

Writ of error refused.