CAMERON MILL AND ELEVATOR COMPANY v. F. M. ANDERSON.

Decided December 19, 1903.

**1.—Personal Injury—Negligence of Independent Contractor—Respondeat Superior—Excavation in Street.**

Defendant company, needing to have some underground oil tanks put in, let the work to an independent contractor. The work necessarily required an excavation in a public street, and such excavation having been left unguarded at night by the contractor, plaintiff fell therein and was injured. Defendant exercised no control over the actual work, and did not know that the excavation was left unguarded. Held, that defendant was liable for the injury, since it could not knowingly set in operation causes thus dangerous to others without taking all reasonable precaution to anticipate, obviate and prevent such probable consequences.

**2.—Same—Injury as Direct Result of the Work.**

Defendant having authorized and caused the excavation to be made in a public street, thereby necessarily rendering public travel dangerous by reason of the work itself and not merely the negligent manner of its performance, public policy forbids that it should avoid responsibility for the consequences naturally to be apprehended in the course of the work by committing it to an independent contractor.

**3.—Same—Respondeat Superior Not Applicable, When.**

Where the defect, obstruction or fault is purely collateral to the work contracted to be done, and is the result entirely of the wrongful act of the independent contractor or his workmen, the employer should not be held liable, because such act is not to be anticipated by him.

**4.—Same—Charge—Measure of Damages to Minor.**

Charge held to properly state the rule as to the measure of damages for personal injury to a minor, and as not subject to the objection that it authorized the assessment of damages to ensue prior to his majority and recoverable only by his parent.

**5.—Same—Charge as to Certainty of Proof.**

The court properly refused a charge directing the jury to allow for such results only as appeared from the preponderance of the evidence reasonably certain to ensue in the ordinary course of nature, as this would mean such results as would follow beyond a reasonable doubt, and it is only required that the evidence should show a reasonable probability of the occurrence of future ill effects of the injury.

**6.—Same—Burden of Proof on Contributory Negligence.**

A charge that, "on the issue of contributory negligence the burden of proof is on the defendant, and unless the jury believe by a preponderance of the evidence that plaintiff was guilty of negligence causing or contributing to cause his injuries, they will find that he was not guilty of such negligence," is not so worded as to suggest the idea that the jury were probably misled into the belief that they were to look only to the evidence introduced by the defendant upon this issue, and is not, under the facts of this case, obnoxious to the rule announced in Railway v. Hill, 95 Texas, 629, as to when the burden of proof is not on the master as to showing contributory negligence.

Appeal from the District Court of Tarrant. Tried below before Hon. Mike E. Smith.

*Geo. Thompson* and *R. W. Flournoy,* for appellant.

*W. R. Parker, Capps & Cantey,* and *Theodore Mack,* for appellee.

SPEER, ASSOCIATE JUSTICE.—By permission of the city council, appellant caused to be dug in one of the streets of the city of Fort Worth adjacent to its elevator plant, a hole some 34 feet long, 28 feet wide, and 12 or 14 feet deep. The excavation was made for the purpose of

putting in some underground storage tanks for fuel oil. Into this pit appellee, a boy of 13 years, fell and was seriously injured. The accident occurred about 9 o'clock at night, at a time when none of the workmen engaged in digging the pit was in or about the place. There were no lights or barricades or signals about it, and the street was dark. Appellee, who had no previous notice of the excavation, had either just mounted, or was in the act of mounting, his bicycle, to proceed up the street when he was precipitated into the pit and injured as aforesaid. The actual work of making the excavation was being done by one McFadden under a contract with appellant by the terms of which he had exclusive control of the work. Appellant did not know that the pit was not guarded or protected at night, and had never given the contractor any instructions upon that point, but understood that the contractor was competent and experienced and took it for granted that he would do what was necessary to make the work safe.

The appellee had a judgment for $10,500, from which this appeal is prosecuted.

The question of paramount importance in the case arises out of appellant's contention that since the work of making the excavation was that of an independent contractor, it is in nowise liable for his negligence in failing to put proper safeguards about the pit. There seems to be an absence of authority at home and a contrariety of opinion abroad as to the law applicable to the state of facts here presented. But we conclude that the better reason is against such contention, and requires a holding in favor of appellant's liability.

Ordinarily, we know that the principle respondeat superior does not extend to cases of independent contracts, but it is not alone upon this doctrine that we predicate liability. Indeed it may be doubted if the doctrine of respondeat superior has any application. Appellant is not the superior of McFadden in the sense that it had any control over the men or agencies employed in the work, but its liability rests upon the broad ground that it can not knowingly set in operation causes dangerous to the persons of others without taking all reasonable precautions to anticipate, obviate and prevent such probable consequence. In other words, that appellant can not cause to be dug in a public street an excavation the necessary effect of which is to create an obstruction or defect which would render the street dangerous for travel unless properly guarded, without being liable for such injuries as are the direct result of such work. In such case it is no defense that the work was in the hands of a competent independent contractor.

In Thomas v. Harrington, 54 Atl. Rep., 286, Lord Cockburn is quoted as saying: "There is an obvious difference between committing work to a contractor to be executed, from which, if properly done, no injurious consequences can arise, and handing over to him work to be done from which mischievous consequences will arise unless preventive measures are adopted. While it may be just to hold the party authorizing work in the former case exempt from liability for injury resulting

from negligence which he had no reason to anticipate, there is, on the other hand, good ground for holding him liable for injury caused by an act certain to be attended with injurious consequences, if such consequences are not in fact prevented, no matter through whose default the omission to take the necessary measures for such prevention may arise." In the case cited, which is very similar to the one before us, the Supreme Court of New Hampshire say: "Such an excavation in a street is a nuisance, because it renders public travel dangerous, and makes extra precautions necessary for the protection of travelers. Hence it becomes the duty of the defendants who authorized and caused the ditch to be dug, to protect the public from the danger occasioned thereby. They knew the work could not be done, in its reasonable and proper prosecution, without increasing the danger of public travel in the highway at that point. The danger arose directly from the work which they required to be done, and not from the negligent manner of its performance. In such a case one can not avoid responsibility for the consequences naturally to be apprehended in the course of the performance of the work by employing another to do the work as an independent contractor."

In Robbins v. Chicago, 4 Wall., 657, 18 Law Ed., 432,—a case of an unguarded area in a public street,—the Supreme Court of the United States tersely announce the rule of exemption and its exception in the following words: "Where the obstruction or defect caused or created in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party."

Chief Justice Haney, in delivering the opinion of the Supreme Court of South Dakota, in McCarrier v. Hollister, 89 N. W. Rep., 862, said: "The contract in the case at bar contemplated an excavation in one of the principal streets of the city of Sioux Falls. The work contracted for could not be done without creating a condition in the public thoroughfare from which mischievous consequences might reasonably be expected to arise unless preventive measures were adopted. An excavation for the purpose of constructing a sewer may not be unlawful, but it is certainly intrinsically dangerous, and unless properly guarded, liable to cause personal injuries. The nature of the work demands more than its proper performance. Digging the ditch and laying the pipe are not enough. Lights, barriers, or other safeguards are required during the progress of the work to protect persons from such accidents as the one resulting in plaintiff's injury. Where the work contemplated by the contract is of such a nature that public safety requires something more to be done than the mere construction of the improvement, we think the owner of the property owes a duty to the public to

see that proper safeguards are taken, and that, where such precautions are not taken, he should not escape liability for resulting injuries."

To the same effect is the opinion of Chief Justice Parker, of the New York Court of Appeals, in Deming v. Terminal Railway, 61 N. E. Rep., 986, wherein he says: "I have thus called attention to the principal authorities relied upon by the appellant in support of his contention that Blake v. Ferris (5 N. Y., 48) is still the law for every question decided by it, and have pointed out the fact that not one of those cases presents one of the questions decided by the Blake case, namely, that a party having authority to make the public streets dangerous for pass-ers-by may be relieved from the burden of guarding the place of danger in the street by letting the work to an independent contractor. On the other hand, it has been observed that so much of the decision in Blake v. Ferris as so decided was distinctly overruled in the Storrs case, the doctrine of which, in that respect, has since been followed in several cases where the question was up for decision."

We think the principles announced in these cases control this case. We do not hold that the work undertaken by appellant constituted a nuisance per se, but we do hold that the work let to the contractor contemplated an excavation in the public street the necessary effect of which was to create an obstruction or defect therein dangerous to the public using such street and from which injury to passers-by was reason-ably to be anticipated unless the same was properly guarded or protected, and that it was the duty of appellant to see that such precautions for the public safety were taken. A sound public policy requires such a holding. There would be little protection to the public if any other rule should be adopted.

In those cases where the defect, obstruction or fault is purely collateral to the work contracted to be done, and is the result entirely of the wrongful act of the independent contractor or his workmen, the em-ployer should not be held liable, because such act is not to be antici-pated by him. Such are the cases of Taylor v. Dunn, 80 Texas, 652; City of Independence v. Slack (Mo.), 34 S. W. Rep., 1094; City of Richmond v. Sitterding (Va.), 43 S. E. Rep., 562; Frassi v. McDon-ald (Cal.), 55 Pac. Rep., 139; Southern Oil Co. v. Church, 32 Texas Civ. App., —, 74 S. W. Rep., 797; Central Coal and Iron Co. v. Grider (Ky.), 74 S. W. Rep., 1058; Garven v. Railway Co. (Mo.), 75 S. W. Rep., 193; Fulton County v. Railway Co. (Ga.), 13 S. E. Rep., 828; Chartiers Valley Gas Co. v. Waters (Pa.), 16 Atl. Rep., 423. But here the injuries are the direct result of the very thing which the ap-pellant authorized to be done. In addition to the authorities quoted from, the following also support the views we have here announced. Baumeister v. Markham (Ky.), 39 S. W. Rep., 844; Colgrove v. Smith (Cal.), 36 Pac. Rep., 411; Water Co. v. Ware, 16 Wall., 566, 21 Law Ed., 485; Garham v. Gross, 125 Mass., 232; Woodman v. Railroad Co., 149 Mass., 385, 21 N. E. Rep., 482; Norwalk Gas Co. v. Norwalk, 63 Conn., 495, 522, 28 Atl. Rep., 32; Storrs v. Utica, 17 N. Y., 104; Ohio

South. Ry. Co. v. Morey (Ohio), 24 N. E. Rep., 269; Davis v. Sum-merfield (N. C.), 45 S. E. Rep., 654; Bonaparte v. Wiseman (Md.), 44 Law. Rep. Ann., 482; Murphy v. Perlstein, 76 N. Y. S., 657; Ann v. Herter, 79 N. Y. S., 825; Dillon on Mun. Corp., secs. 1029-1033.

There are other cases in apparent and probably real conflict with the views here expressed, but we shall make no effort to review them, resting contented with the conclusion we have reached.

A number of assignments are directed to the following paragraph of the court's charge, viz: "If you find for the plaintiff you will assess his damages at such a sum of money as in your opinion will be reasonable and just compensation for the injuries he has sustained. In estimating the damages you will take into consideration the physical and mental pain, if any, he has sustained by reason of such injuries, if any, and if you believe from the evidence that plaintiff has not yet recovered and that his injuries are permanent, and that he will hereafter suffer pain and anguish therefrom, and that his ability to labor and earn money, subsequent to his majority, is and will be impaired by reason of said injuries, if any, then you will take this into consideration in estimating the damages; but you will exclude from your consideration any loss or impairment of earning power, if any, during his minority."

It is urged that this charge did not limit the jury to a consideration of the evidence in assessing appellee's damages; that it authorized a recovery of damages that were recoverable only by his parent; that it gave undue prominence to the items of his damage; that in connection with it the court should have given the requested charge that no recovery could be had for diminished earning capacity if appellee would recover from his injuries before he reached his majority; that special instruction directing against a recovery for appellee's services during minority for medical expenses and nurse hire should have been given; and that the special charge directing against a recovery for loss of time or permanent disability during appellee's minority should have been given. None of these complaints is well taken. Nor should the special charge which directed the jury to allow for such results only as appeared from the preponderance of the evidence reasonably certain to ensue in the ordinary course of nature, have been given. This would mean such results as would follow beyond a reasonable doubt, and is putting it stronger against the plaintiff than it authorized. It is only required that the evidence should show a reasonable probability of the occurrence of future ill effects of the injury. Gulf C. & S. F. Ry. Co. v. Harriett, 80 Texas, 73. None of the special charges refused was necessary to be given. The main charge was ample.

Neither was the charge upon the burden of proof on the issue of contributory negligence obnoxious to the rule announced in the cases of Texas & P. Ry. Co. v. Reed, 88 Texas, 439, and Gulf C. & S. F. Ry. Co. v. Hill, 95 Texas, 629, 69 S. W. Rep., 136. The language of the charge is not such as to suggest the idea that the jury were probably misled into the belief that they were to look only to the evidence intro-

duced by the defendant upon this issue. The charge is as follows: "On the issue of contributory negligence the burden of proof is on the defendant, and unless you believe by a preponderance of the evidence that plaintiff was guilty of negligence causing or contributing to cause his injuries, then you will find that he was not guilty of such negligence."

We think there was no error in permitting various witnesses to testify to the effect that appellee was an obedient, industrious, economical and sober boy; that he did not use tobacco in any form or drink. Those facts would have a bearing upon his future earning capacity, by tending to show those qualities or traits, physical and moral, which aid a man in securing and retaining employment, or in a successful business career of his own.

On the whole we have given the case a careful consideration, and conclude that while the judgment appears to be a large one, yet under the testimony we would not be justified in disturbing it for that reason, and that none of the assignments present error calling for the reversal of the case.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error granted; judgment affirmed.