### CISCO & N. E. RY. CO. v. TEXAS PIPE LINE CO. et al. (No. 9787.)

(Court of Civil Appeals of Texas. Ft. Worth. March 4, 1922. Rehearing Denied May 6, 1922.)

1. **Appeal and error** ⬅934(1) — **Where no findings of fact or conclusions filed, presumptions indulged to support judgment.**

Where trial was before the court without a jury, and no finding of fact or conclusions of law were filed, every presumption will be indulged to support the judgment rendered.

2. **Damages** ⬅188(1) — **Evidence sustained finding of damages from pipe line broken by blast of rock.**

In an action for injury by falling rock from blasting, breaking plaintiff's pipe line, evidence *held* sufficient to sustain finding that plaintiff lost the amount of oil for which judgment was rendered.

3. **Master and servant** ⬅319—**Railway company liable for injury to pipe line by falling rocks from blasting by independent contractor.**

Where an independent contractor was engaged in the performance of his contract to do excavation work on a railway company's right of way, and in blasting falling rock broke plaintiff's pipe line, the railway company was liable, since the work was inherently dangerous.

4. **Explosives** ⬅12—**Contractor blasting rocks liable for injury to third persons.**

An independent contractor is liable for injury to adjoining property by falling rock from blasting, whether his act in making the blast

was done negligently or otherwise, and even though done under a contract with the owner of the property on which the work was done.

**5. Indemnity ⬥9(1)—Contract of independent contractor to hold railroad harmless for injuries to others included injuries from blasting.**

Where an independent contractor contracted with a railway company that he would be solely liable for damages of all kinds growing out of the contract, he was liable for injuries caused by falling rock from a blast, breaking a pipe line along the railway's right of way, and, in an action by the pipe line owners, the railway company was entitled to a judgment over against him for the amount of damages proven.

**6. Indemnity ⬥15(4) — Not precluded from recovery over from independent contractor for third person's injury from blasting.**

Where an independent contractor contracted to hold a railway company harmless for all injuries to third persons from the performance of his contract, that the railway company and the contractor were both trespassers on land when falling rocks from a blast broke plaintiff's pipe line did not preclude the railway company from recovering over for the amount of judgment rendered against it by the pipe line owners.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by the Texas Pipe Line Company against the Cisco & Northeastern Railway Company and M. A. Wogan. From judgment for plaintiff against defendant Railway Company, and from judgment for M. A. Wogan against defendant Railway Company, the Railway Company appeals. Affirmed in part. Reversed and rendered in part.

Butts & Wright, of Cisco, for appellant.

H. S. Garrett, of Fort Worth, for appellee Texas Pipe Line Co.

Alexander & Baldwin, of Fort Worth, for M. A. Wogan.

DUNKLIN, J. The Cisco & Northeastern Railway Company let a contract to M. A. Wogan to do for it some excavation work on its right of way. In order to perform that work it was necessary to blast rock in making excavation for the roadbed. While performing that work Wogan put in a heavy charge of explosives which threw large pieces of stone in the air, one of which pieces fell on and broke an iron pipe owned by the Texas Pipe Line Company and used to convey petroleum oil. This pipe line ran practically parallel with the right of way and about 60 feet distant therefrom. The place where the pipe was broken was about 300 feet from the place of the blasting, and the pipe at that place spanned a small gully and was uncovered. As the result of the break there was a considerable loss of oil which ran out on the ground. This suit was instituted by the Pipe Line Company against the railroad company and the contractor to recover for the value of the oil so lost. Judgment was rendered in favor of the plaintiff against both of the defendants for the value of the oil lost and in favor of Wogan over against the railroad company for the amount he may be compelled to pay on that judgment. From that judgment the railroad company has appealed.

In plaintiff's petition it was alleged that the work was done by Wogan in a careful and workmanlike manner, and that the blast was necessary in order to perform the work, which was inherently dangerous to the plaintiff's pipe line, which was constructed in close proximity thereto.

In another count in its petition it was alleged that, if said blast was not necessary to the proper construction of the railroad, or if the same was not done in a proper manner, then the defendants, and each of them, were guilty of negligence which was the proximate cause of the loss of the oil, and by reason of such negligence both were liable for the damages so sustained.

In another count it was alleged that the defendants were jointly engaged in constructing the railroad, and that neither of them had ever acquired any lawful authority to construct the road over the land where the blast occurred, in that such work was being done without permission of the owner of the land and without any condemnation proceedings instituted to condemn a right of way for the railroad across that tract of land, by reason of all of which defendants were wrongful trespassers on that tract, and therefore jointly and severally liable for the consequences of the blast so made.

The railroad company denied liability to plaintiff upon the ground that the work done by Wogan was performed by him as an independent contractor with the railroad company. The railroad company also prayed for a judgment over against Wogan in the event of a judgment against it in favor of the plaintiff. That plea over was predicated upon allegations to the effect that, as a part of the contract made with it by Wogan to do the work, Wogan agreed to be solely responsible for all damages resulting from his performance of the work and to hold the railroad company harmless as against any demand for injuries so resulting.

The defendant Wogan, after alleging that the blast was necessary to the construction of the road and was done under a contract with the railroad company in a careful and proper manner, and after further alleging negligence on the part of the plaintiff in failing to bury its pipe so as to protect it from such accidents, and especially after promising him so to do, further denied that he had contracted with the railroad company to hold it harmless against demands for such

damages as were claimed by the plaintiff. Wogan further alleged that he was not liable to the railroad company by reason of the fact that the work was done in compliance with the plans and specifications provided for in his contract with the railroad company.

Wogan also filed a plea over against the railroad company in which he prayed for a judgment against that company for any amount he might be required to pay to plaintiff in the event of a recovery by plaintiff against him. The basis of that plea over consisted of allegations that the blast was done under a contract with the railroad company in compliance with the plans and specifications required, and that the blast was done in the usual and proper manner and was necessary in order to carry out and perform the work contemplated by said contract.

[1] The trial was before the court without a jury, and no findings of fact or conclusions of law were filed. Under such circumstances every presumption will be indulged to support the judgment rendered, provided the same has a proper basis in the pleadings and proof.

[2] We are of the opinion that the evidence was sufficient to show that the plaintiff lost the amount of oil for the value of which judgment was rendered. That proof consisted of the testimony of E. J. Blackwell. He testified that the pipe was a gravity pipe line, and that there was about 3 miles of pipe that was drained, the pipe being a 6-inch pipe. He further testified that a pipe of that size and length would hold 500 barrels of oil or more. On cross-examination he further testified as follows:

"As to how much of that pipe on the south end was full of oil at the time of the break, it was generally all full. At the time of the break I don't know if it was full of oil the full length, but I know the oil was running out there, and if it hadn't been full it wouldn't have been running out."

The testimony of plaintiff's superintendent was that the market value of the oil lost was $3.50 a barrel. According to that estimate the plaintiff lost more than the sum awarded it by the court, which was $1,407.32.

[3] The evidence showed without controversy that blasting of the rock was a necessary incident to the proper performance of the work which Wogan had contracted with the railroad company to do, and that such work was intrinsically dangerous, even though skillfully performed. In the case of Cameron Mill & Elevator Co. v. Anderson, 98 Tex. 156, 81 S. W. 282, 1 L. R. A. (N. S.) 198, a contractor was employed by the elevator company to make an excavation in one of the public streets of the city of Fort Worth and adjacent to its elevator plant. In compliance with that contract, McFadden, the contractor, dug a hole 34 feet long, 28 feet wide, and 12 or 14 feet deep, but negligently failed to provide any lights, barricades, or signals to warn the public of the presence of the hole and of the danger of falling into it. While in that unguarded condition and during a dark night, plaintiff, Anderson, fell into the hole and was injured. For that injury he recovered a judgment against the elevator company, which was affirmed by the Court of Civil Appeals, as shown in the report of the case in 34 Tex. Civ. App. 105, 78 S. W. 8. A writ of error was granted by the Supreme Court, which likewise affirmed the recovery, and in the course of the opinion rendered that court said:

"The question which goes to the foundation of the action is: Was the defendant company liable under the circumstances for the acts and omissions of McFadden, whom it had employed to do the work under an independent contract? We were of the opinion when we granted the writ of error that the company was liable for McFadden's negligence, and that the Court of Civil Appeals did not err in so holding. We are still of that opinion. The question is ably discussed in the opinion of Mr. Justice Speer, who spoke for the court in the case, and the conclusion is amply supported by the numerous authorities cited by him. It would therefore be a profitless task to enter upon any extended discussion of the question. As we understand, the general rule is that one who is having a piece of work done by an independent contractor is not liable for the negligence of the latter, but to this rule there is a well-marked exception. So far as we have seen, the limitation of the rule has been by no one better expressed than by Judge Dillon. He says: 'The general rule is stated in the preceding section, but it is important to bear in mind that it does not apply where the contract directly requires the performance of a work intrinsically dangerous, however skillfully performed. In such a case the party authorizing the work is justly regarded as the author of the mischief resulting from it, whether he does the work himself or lets it out by contract.' 2 Dillon, Mun. Corp. par. 1029. In our opinion the present case falls strictly within the exception."

To the same effect is 14 R. C. L. pp. 71–73, 94.

It is insisted by the railroad company that the contract which is set out in the statement of facts made Wogan an independent contractor, and that the railroad company was not liable for the result of the blast made by him, by reason of that contract. In so far as plaintiff's right of recovery against the railroad company is involved, it will be unnecessary to determine the merits of that contention, since the work performed by Wogan was so inherently dangerous as to bring the case within the exception to the general rule exempting a principal from liability for the consequences of the work done by an independent contractor. And, as this case comes within that excep-

tion, the railroad company is liable to the plaintiff at all events, under the authorities above noted.

[4] Unquestionably Wogan also was liable to the plaintiff, whether his act in making the blast was done negligently or otherwise, and even though done under and by virtue of a contract with the railroad company.

[5] The record does not disclose upon what theory or finding of fact the trial court denied to the railroad company a recovery over against Wogan and awarded Wogan a recovery over against the railroad company. Under the conflicting evidence, we believe this court would be warranted in implying a finding by the trial judge that the blast which caused the injury was necessary and properly and carefully made, or that a blast of that force was unnecessary, and that in making it Wogan was guilty of negligence, which was the proximate cause of the breaking of the pipe. But, whether or not he was guilty of negligence in that respect, we have reached the conclusion that he owed to the railroad company the obligation to hold it harmless for any loss by reason of the accident, since that obligation was incurred by him by the terms of his written contract with the railroad company to do the work. That contract contained the following stipulation:

"It is further agreed and understood that the contractors herein are solely liable and responsible for any and all damages growing out of personal injuries received by said contractors, or by any employee or employees employed on the work contracted for herein, or by any person or persons, growing out of the carrying out of this contract upon the part of said contractors, and that said contractors are also responsible for any and all damages of any kinds, character, or description that may be caused or occasioned to other parties growing out of the negligence either of the contractors herein or any person or persons employed by them herein in the performance and carrying out of this contract; it being understood that the contractors herein are independent contractors as to all matters and things pertaining to this contract, and the company is in no way responsible either for their acts or for the acts of those employed by them in carrying out this contract."

The language of that stipulation is unambiguous and clearly supported the railroad company's plea over against Wogan, and with equal clearness refutes and destroys Wogan's plea over against the railroad company.

[6] While the record shows that the railroad company had never acquired a right of

way over the land where the work was being done either by contract with the owner of the land or by condemnation proceedings, still the railroad company was not precluded from a recovery over against Wogan upon the theory that it and Wogan were joint tort-feasors, between whom ordinarily there can be no contribution with respect to damages resulting from the tort. The pipe line company had procured from the owner the right to lay its pipe line across the land, but the right of way so procured was not in any manner invaded by the proposed right of way of the railroad company and the work that was being performed by Wogan. In other words, if the railroad company and Wogan were trespassers upon the land, that trespass was not committed against the pipe line company. Furthermore, while the record shows that the owner of the land had not expressly given to the railroad company permission to construct the railroad across his land, there is no evidence to show that he was making any protest against such action, although the work being done was open and notorious, and was unquestionably known to him. Furthermore, even if the railroad company and Wogan were trespassers as against the owner of the land, we know of no principle of public policy which would forbid the enforcement of Wogan's written obligation set out above, for which he was paid a valuable consideration.

Aside from the fact that Wogan was under a contractual obligation to the railroad company to protect it from liability for damages resulting from work performed by him, see San Antonio v. Smith, 94 Tex. 266, 59 S. W. 1109, and S. W. T. & T. Co. v. Krause (Tex. Civ. App.) 92 S. W. 431, in each of which cases a recovery over was allowed in favor of one tort-feasor against another who was liable jointly with it to the plaintiff.

For the reasons indicated, the judgment in favor of the plaintiff against the two defendants is affirmed, but the judgment denying the railroad company a recovery over against Wogan and decreeing a recovery in favor of Wogan over against the railroad is set aside, and judgment is here rendered awarding a recovery in favor of the railroad company over against Wogan for whatever sum the railroad company may be required to pay on the judgment in favor of the plaintiff against it and denying any recovery in favor of Wogan on his cross-action against the railroad company.

Affirmed in part, and reversed and rendered in part.

240 S.W.—63