### WEST v. BRUNS. (No. 3384.)

Court of Civil Appeals of Texas. Texarkana.
April 28, 1927.

Rehearing Denied May 5, 1927.

**1. Negligence ☞93(1)—Negligence of automobile driver is not imputed to guest.**

Negligence of automobile driver, who invited plaintiff to ride with him, *held* not imputed to plaintiff, so as to bar her recovery from third person, who was also negligent, for injuries in collision, as matter of law, where plaintiff did not exercise any control over car in which she rode.

**2. Highways ☞175(1)—Negligence of automobile driver in turning across road held not new and intervening cause of injury to guest in collision with another car.**

Negligence of automobile owner, who had invited plaintiff to ride with him, in turning across road to filling station, *held* not new and intervening cause of collision with another car, traveling 50 miles per hour, barring plaintiff's recovery for injuries against driver of such car, who was negligent in failing to keep lookout to discover persons and automobiles.

**3. Highways ☞175(1)—Injured guest may recover from either or both automobile drivers whose concurrent negligence caused injury.**

Where concurrent negligence of two automobile drivers, with one of whom plaintiff was riding as guest, resulted in injury to her, she may recover from either or both.

**4. Appeal and error ☞1170(9)—Instruction that defendant must prove negligence of driver of car in which plaintiff rode, if error, held harmless, where jury found both drivers negligent (rule 62a of Courts of Civil Appeals).**

In action by automobile owner's guest against driver of another car for injuries in collision, instruction that burden was on defendant to show negligence of driver of car in which plaintiff rode, if error, *held* harmless, under rule 62a of Courts of Civil Appeals, where jury found both drivers negligent.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Irene Bruns against J. M. West, Jr., and another. From a judgment against the defendant named, he appeals. Affirmed.

This was a suit by appellee, Irene Bruns, against P. W. Horn and appellant J. M. West, Jr., for damages, in which appellee was denied a recovery of anything against Horn but recovered judgment for $750 against appellant West, who prosecuted this appeal.

It appeared from testimony heard at the trial that on June 24, 1923, appellee, at the invitation of one Vetrano, was traveling with him in an automobile on a public road between Houston and Sylvan Beach, when said automobile was struck by an automobile owned by Horn but which was then being driven by appellant, West. Vetrano was driving the automobile in which he and appellee were riding. They were traveling toward Sylvan Beach, and Vetrano had driven his car partially across the road, in going to a filling station to get gas, when the collision occurred. There was testimony that the car appellant was driving was moving from toward Sylvan Beach at a rate of speed of 50 miles or more an hour, as it approached the car appellee and Vetrano were in, and that in an effort to avoid the collision Vetrano stopped his car as he was crossing the road. Vetrano testified:

"He (appellant) had space in back of me and in front of me that he could have passed, but the fact that he was coming at such a terrific rate of speed caused the brakes to freeze on him and that is what caused him to slam into me. * * * At the time of the collision my car was stopped. * * * I couldn't tell where he was going; there was barely time to think he was going so fast, and I stopped it still to give him the privilege of going in the back or in the front."

On special issues submitted to them the jury found that appellant was guilty of negligence which was a proximate cause of the accident: (1) In that he was at the time driving the automobile he was in at a rate of speed in excess of 35 miles per hour; (2) in that he was driving "at a speed greater than was reasonable and proper having due regard for the traffic and use of the highway"; and in that he failed "to use ordinary care to keep a lookout to discover persons and automobiles who might reasonably be expected on the highway." The jury found, further, that Vetrano was guilty of negligence which was a proximate cause of the accident "in turning his car to the left in the direction of the filling station without giving warning of his intention or purpose to do so." The jury found, further, that appellee was not guilty of contributory negligence "in failing to give warning of the intention and purpose of Vetrano to turn his car to the left in the direction of the filling station." And they found, further, that $750 would compensate appellee for the injury she suffered.

J. A. Platt, of Houston, for appellant.

W. P. Hamblen, R. L. Fowler, and R. C. Conn, Jr., all of Houston, for appellee.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WILLSON, C. J. (after stating the facts as above). [1] The contention that the trial court erred when he refused to instruct the jury to return a verdict in appellant's favor is based on the finding that Vetrano also was guilty of negligence which was a proximate cause of the collision. It is insisted it appeared that Vetrano and appellee were engaged (quoting) "upon .a joint enterprise in which each had a like interest," and therefore that the negligence the jury found the former was guilty of was imputable to the latter. The rule invoked is stated as follows in 20 R. C. L. 149:

"If two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect to the control of the means or agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to the others."

The evidence was that Vetrano had invited appellee to have dinner with him at Sylvan Beach, and that they were on their way to that place when the accident occurred. There was no evidence that appellee had or exercised equally with Vetrano (or to any extent) a right of control in the operation of the automobile they were riding in. Certainly, therefore, it cannot be said to have appeared as a matter of law that the rule invoked applied in the case. Chicago, R. I. & G. R. Co. v. Wentzel (Tex. Civ. App.) 214 S. W. 710; Chicago, R. I. & G. R. Co. v. Johnson (Tex. Civ. App.) 224 S. W. 277; Hines v. Welch (Tex. Civ. App.) 229 S. W. 681; Barry v. Harding, 244 Mass. 588, 139 N. E. 298; Motor Co. v. Stone, 211 Ala. 516, 101 So. 49; Meyers v. Southern Pac. Co. (Cal. App.) 218 P. 284; 29 Cyc. 543, and authorities there cited. As shown in the statement above, the jury found on a special issue submitted to them that appellee herself was not guilty of negligence in the respect charged against her.

[2, 3] It is insisted, further, in support of said contention, that it appeared the negligence the jury found Vetrano to have been guilty of was "a new and intervening cause of the accident," and therefore that the negligence of appellant was remote cause thereof only. Hence it appeared, appellant insists, that he was not liable to appellee on account of the injury she suffered; and he cites Galveston, H. & S. A. R. Co. v. Chambers, 73 Tex. 296, 11 S. W. 279, and Haney v. Coal Co. (Tex. Civ. App.) 207 S. W. 375, as cases supporting his view. But as we understand those cases neither of them supports it. The holding in the Chambers Case was that negligence of the injured person, and not negligence of the defendant, was the proximate cause of the injury she suffered. The case would be applicable if the finding here was that negligence of Vetrano was the sole proximate cause of the injury to appellee. But, as

shown in the statement above, the finding was that appellant as well as Vetrano was guilty of negligence which was a proximate cause of the accident. The holding in the other case cited was merely that the testimony was not sufficient to show negligence on the part of the coal company which was a proximate cause of the accident. It is not contended here that the testimony did not warrant the finding of the jury that appellant was guilty of negligence in that he failed to use care "to keep a lookout to discover persons and automobiles who might reasonably be expected to be on the highway." Certainly, if that finding was warranted, the negligence of Vetrano in turning the car he and appellee were in towards the filling station was not "a new and intervening cause of the accident"; for the jury could not have found the failure of appellant to keep such a lookout was a proximate cause of the injury to appellee without first finding that had he kept a proper lookout appellant would have discovered the car appellee was in in time to have avoided the collision. Aside from what has been said, however, we think a sufficient answer to appellant's contention lies in the rule that "if the concurrent negligence of two or more persons combined together results in an injury to a third person he may recover from either or all." 29 Cyc. 487; Gulf, C. & S. F. R. Co. v. Loyd (Tex. Civ. App.) 175 S. W. 721; City of Louisville v. Hart's Adm'r, 143 Ky. 171, 136 S. W. 212; Galveston, H. & S. A. R. Co. v. Vollrath, 40 Tex. Civ. App. 46, 89 S. W. 279. It is clear from the testimony that if Vetrano had not attempted to go across the road to the filling station the collision would not have occurred, and just as clear it would not have occurred if appellant had not been guilty of negligence in respects found by the jury.

[4] Appellant complains because the trial court, after instructing the jury that the burden of proving negligence on his (appellant's) part as charged was on appellee, told them that the burden was on him (appellant) to prove by a preponderance of the evidence that Vetrano and appellee were guilty of negligence as charged against them. A like instruction was held to be erroneous in Lyon v. Phillips (Tex. Civ. App.) 196 S. W. 995, the court saying:

"As the evidence in behalf of the plaintiffs may have been sufficient to raise a question upon deceased's want of care, even if the defendant had offered no evidence in that respect, it is believed that the charge as given was erroneous and injurious in this case."

Conceding the instruction in question here was erroneous, we do not think the error in giving it should operate to reverse the judgment, but that it should be treated as harmless under rule 62a for the government of Courts of Civil Appeals. The jury found that Vetrano was guilty of negligence as

charged by appellant, and there was nothing in the testimony of appellee as a witness in her own behalf, or in the testimony of any of her witnesses, suggesting she was guilty of contributory negligence as charged against her. Texas & P. R. Co. v. Good (Tex. Civ. App.) 151 S. W. 617; Cameron Mill & Elevator Co. v. Anderson, 34 Tex. Civ. App. 105, 78 S. W. 8.

The judgment is affirmed.