**HANKINS et al. v. HARLAN et al.**

**No. 1967.**

Court of Civil Appeals of Texas. Waco.

Feb. 24, 1938.

Rehearing Denied March 17, 1938.

Geo. W. Barcus and Bryan & Maxwell, all of Waco, for appellant.

Allan V. McDonnell, Jos. W. Hale, and Travis McCown, all of Waco, for appellees.

ALEXANDER, Justice.

Dorothy Hankins was injured while riding in an automobile driven by Mrs. Thelma Sullins, allegedly as the result of a collision between said automobile and a truck belonging to Mrs. A. L. Harlan and driven by her son, A. L. Harlan, Jr. Miss Hankins brought this suit against Mrs. Harlan and her son to recover the damages sustained by her. The above-named defendants pleaded over against Mrs. Sullins and her husband and prayed for judgment against them in such amount, if any,

as should be recovered by the plaintiffs. Mr. and Mrs. Sullins filed a cross-action against the Harlans to recover compensation for the personal injuries sustained by Mrs. Sullins and the damage done to the automobile driven by her. The jury returned a verdict on special issues, and based thereon, the court rendered judgment denying Miss Hankins any recovery and denying each of the parties the right to recover any damages on the cross-actions brought by them. Miss Hankins appealed.

Appellants contend that the jury's answers to some of the issues are without support in the evidence and that the answers of the jury to other issues are in irreconcilable conflict. It is further contended that the verdict of the jury was insufficient to authorize a judgment in favor of appellees. The evidence showed that at the time of the collision the automobile in which Miss Hankins was riding was traveling north on North 13th street in the city of Waco and the truck driven by Harlan was traveling east on Barron street. The two cars collided at the street intersection. The automobile was a roadster or one-seated car. There were four women in the automobile. Mrs. Sullins was driving. Miss Hankins and another woman were on the seat with the driver and Mrs. Kehl, the fourth woman, was seated on Miss Hankins' lap. The truck struck the automobile about even with the left door, and, as a result, the automobile ran into a tree or street curb at a place 5 or 6 feet from the point of the collision. Miss Hankins was thrown from the automobile. Her left limb was broken above the knee, one or more of her teeth were knocked out, and she received other painful injuries.

Among other things, the jury found that Harlan was driving the truck at the rate of 10 miles per hour at the time of the collision and was not negligent in doing so; that Harlan, at the time of the collision, was driving the truck in excess of 20 miles per hour; that he failed to keep a lookout to discover and prevent the collision; was negligent in failing to do so; and that each of the above acts was the proximate cause of the collision; that Mrs. Sullins was driving in excess of 30 miles per hour, failed to keep a proper lookout for other vehicles, failed to turn her car to the right just prior to the collision, failed to stop at the street intersection, and failed to apply her brakes, each of which acts constituted negligence on her part and was a proximate cause of the collision, but was not the sole cause thereof; that Miss Hankins placed her safety exclusively in the judgment and discretion of Mrs. Sullins, acquiesced in the driving of the car by Mrs. Sullins and relied solely on her, failed to warn Mrs. Sullins of the danger incident to the operation of the automobile, failed to protest against the manner of operating the automobile, and permitted Mrs. Kehl to sit on her left limb while riding in said automobile, but that none of said acts constituted negligence on her part; that the "negligent act or acts on the part of Mrs. Sullins and Miss Hankins created a sudden emergency at and immediately prior to the collision," reasonably calculated to overpower the deliberate judgment of a person situated as Harlan was, and that Harlan "acted on impulse"; that the collision was the result of unavoidable accident; that the negligence of Mrs. Sullins in driving the automobile at the rate of 30 miles per hour "constituted an intervening agency between the conduct of Harlan and the injuries and damages complained of"; and, in effect, that Miss Hankins did not sustain any damages as the result of the collision; that Mrs. Sullins and Miss Hankins each acted for the mutual benefit and pleasure of the other, and the occupants of the car were engaged in a common and joint enterprise, and that Mrs. Sullins in driving the automobile was acting as the agent of Miss Hankins.

From the foregoing findings, it is apparent that the jury found that both Harlan and Mrs. Sullins were guilty of negligence which proximately caused the collision, and that Miss Hankins was not guilty of any act of contributory negligence. Hence, Miss Hankins should recover unless she is precluded by some other finding. 30 Tex.Jur. 781.

In our opinion, the findings that the occupants of the automobile were engaged in a common and joint enterprise and that Mrs. Sullins in driving the car was acting as the agent of Miss Hankins are without support in the evidence. The evidence shows that Mrs. Sullins was in possession of the automobile and in complete control thereof; that she was going to see her dressmaker in north Waco on an errand solely her own, and that the other women, including Miss Hankins, went with her as her guests on her invitation, solely for the

pleasure of the drive. Such facts do not constitute a common or joint enterprise such as would impute the negligence of the driver to the injured guest. 30 Tex. Jur. 784; Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474; West v. Bruns, Tex.Civ.App., 294 S.W. 235; Southwestern Bell Telephone Co. v. Doell, Tex.Civ.App., 1 S.W.2d 501.

The jury, in answer to special issue No. 74, found that "the negligent act or acts on the part of Mrs. Sullins and Miss Hankins created a sudden emergency at and immediately prior to the collision." This is an implied finding that Miss Hankins was negligent. Such implied finding, however, is in direct conflict with the findings of the jury on other issues acquitting Miss Hankins of any act of negligence.

By special issue No. 82, the court submitted to the jury the question of "what amount of money, if any * * * would reasonably compensate the plaintiff, Dorothy Hankins, for injuries, if any, received by her as the proximate result, if any, of the collision in question," to which the jury answered "None." The evidence shows, however, without dispute that Miss Hankins sustained several severe and painful injuries. It is possibly true that Harlan's truck did not strike Miss Hankins and thereby bring about her injuries, but the evidence shows that as a result of the collision, caused at least in part, as found by the jury, by Harlan's negligence, the automobile was pushed against the curb at a point 5 or 6 feet from the place where it was struck by the truck, and that as a direct consequence Miss Hankins was thrown from the automobile and severely injured. Whatever damages therefore were sustained by Miss Hankins were necessarily the result of the collision. In this connection, it is appellees' contention that when the automobile struck the curb or tree, the weight of Mrs. Kehl, who was sitting in Miss Hankins' lap, was thrown against Miss Hankins' limb and that this was the direct and proximate cause of the breaking thereof. This may be true, but, nevertheless, such injury was the direct and proximate result of the collision. In other words, the collision caused the impact of the automobile against the tree or curb, and such impact brought about Miss Hankins' injuries.

The jury, in answer to special issue No. 79a, found that the rate of speed at which Mrs. Sullins was driving the automobile at the time of the collision "constituted an intervening agency between the conduct of Harlan and the injuries and damages herein complained of." The jury, in answer to several other issues, found that Harlan was guilty of negligence which proximately caused the collision. The court's definition of "proximate cause" excluded the idea of "intervening agency" and consequently the finding of the jury, in answer to special issue No. 79a, was in direct conflict with the jury's other findings that Harlan's negligence was a proximate cause of the collision. Terry v. English, Tex.Com.App., 112 S.W.2d 446. Moreover, from the facts above stated, we think the speed of the automobile driven by Mrs. Sullins did not constitute such separate and independent agency as destroyed the causal connection between the negligence of Harlan in striking the automobile, as found by the jury, and the injuries sustained by Miss Hankins as the result of being thrown from said automobile. 30 Tex.Jur. 712; West v. Bruns, Tex.Civ.App., 294 S.W. 235.

The finding of the jury that the collision was the result of an unavoidable accident is in conflict with the findings, in answer to other issues, wherein the jury found that the collision was the proximate result of Harlan's negligence. Texas Electric Ry. v. Burt, Tex.Civ.App., 272 S.W. 255; Gulf, C. & S. F. Ry. Co. v. Hitt, Tex. Civ.App., 60 S.W.2d 864, 865.

Since Miss Hankins failed to recover against the Harlans, the trial court denied the Harlans any recovery against the Sullins. The Harlans did not perfect an appeal from this judgment. It appears, however, that the right of the Harlans to recover over against the Sullins is so interwoven with and dependent on Miss Hankins' action against the Harlans that it would be manifestly unjust to reverse the judgment as between Miss Hankins and the Harlans and affirm the judgment denying the Harlans any right of recovery over against or contribution from the Sullins. 3 Tex.Jur. 1154–1161.

It should be noted also that the Sullins answered the cross-action filed against them by the Harlans, and, in turn, prayed for judgment against the Harlans for the personal injuries sustained by Mrs. Sullins and the damages occasioned to the automobile that was being driven by her. The trial court denied the Sullins any right

to recover on such cross-action, and they failed to perfect an appeal from said judgment and have filed no brief or otherwise appeared herein. Such action by Sullins and wife against the Harlans for the damages suffered by them is entirely independent of the action brought by Miss Hankins against the Harlans and the suit of the Harlans over against Mrs. Sullins, and could have been litigated in an entirely separate action. Therefore, a reversal of the judgment denying Miss Hankins a right to recover against the Harlans does not require a reversal of the judgment denying Mr. and Mrs. Sullins a judgment over against the Harlans. That part of the judgment will be affirmed.

For the reasons indicated, the judgment of the trial court denying Miss Hankins a right to recover against the Harlans and denying the Harlans a right to recover over against Mr. and Mrs. Sullins will be reversed and remanded for a new trial. The judgment of the trial court in all other respects will be affirmed.