PITTMAN v. CITY OF WICHITA
FALLS et al.
No. 13810.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 14, 1938.

Rehearing Denied Nov. 11, 1938.

Smoot & Smoot, T. R. Boone, and Kearby Peery, all of Wichita Falls, for appellant.

Thelbert Martin and T. A. Hicks, both of Wichita Falls, and Touchstone, Wight, Gormley & Price, of Dallas, for appellees.

BROWN, Justice.

Appellant, Pittman, brought suit, in the District Court of Wichita County, against the City of Wichita Falls (a Home Rule City) and one J. F. Hubbs, because of personal injuries received by him while working on what is now commonly known as a "W. P. A. project." This work, or project, was the improvement of the water supply system owned by said City.

We are familiar with such projects, as creatures of the present National Administration. The idea is, that the United States Government, acting through the agency known as the Works Progress Administration, undertakes, in co-operation with such an entity as the said City, to assist it in some public work, for the public good. The objects to be attained are, in the main, to-fold: To stimulate improvements that enure to the benefit of the public, and to furnish employment for the unemployed.

The said City is designated as the "sponsor" of the project, and it contracts to furnish certain materials and personal property and a certain per cent of the funds needed to make the improvements, as well as certain employees.

In the case at bar, the City agreed to and did furnish a certain truck, with a driver of same, which was to be used in hauling heavy, iron piping, to be used in enlarging the water system of the City.

Appellant was hired by the United States Government. He was under the control of Federal employees, who were a part of the said Works Progress Administration. The truck furnished by the City was an ordinary one and one-half or two tons truck, and was defective, when so furnished, in that two iron, or steel "loops", which were made to hold certain "standards" (used to build up the sides of the truck's bed, for the purpose of holding a larger load), were broken and defective, and two of the said "standards" were broken off and missing, one toward the front of the truck's bed, on one side, and the other toward the rear thereof, on the opposite side.

It was appellant's duty to assist in loading the heavy water pipes on the truck, and to assist in unloading same at the place where they were to be installed by other workmen. To do this, he, with other employees, rode on the truck and on the heavy pipes, from the place of loading to the place where they were unloaded.

After making several such trips, the appellant alleges he was injured when the iron pipes rolled and some of them fell from the truck. An alarm being given by someone, appellant attempted to jump clear of the moving pipes, but caught his foot between them, and was thrown so violently that he suffered two hernias.

Appellant's theory of a cause of action against the City is best understood by the issues submitted to and the findings made by the jury, to which the case was tried. The jury found that the truck belonged to said City; that it was improperly equipped for the purpose for which it was used; that the City knew, or ought to have known, by the exercise of due care, that the truck was so improperly equipped; that the City was guilty of negligence in furnishing an improperly equipped truck, and such was a proximate cause of appellant's injury; that the truck was equipped with defective "loops", and the City knew, or by the exercise of due care ought to have known, that the truck was equipped with defective "loops"; that the City was guilty of negligence in such matter, and same was a proximate cause of appellant's injury; that the truck was not furnished with "proper standards"; that the City knew, or by the exercise of due care, ought to have known, that "proper standards" were not furnished; that in such matter the City was guilty of negligence which was a proximate cause of appellant's injury; that the City delivered the truck to the W. P. A. authorities, with one "standard" missing; that the City knew, or by the exercise of due care ought to have known, that the "standard" was missing; that the delivery of the truck in such condition was negligence, and such negligence was a proximate cause of appellant's injury; that the City failed to provide a chain to be put around the pipe; that such failure was negligence, and a proximate cause of appellant's injury; that the City failed to furnish a rope of sufficient strength to hold the pipe on the truck; that such failure was negligence, and a proximate cause of appellant's injury; that the City was guilty of negligence in some manner unknown to appellant, and such negligence was a proximate cause of appellant's injury; that appellant was injured; that the accident was not unavoidable; that appellant would incur medical bills in the future, by reason of his injury; and same will amount to $800; that appellant has been damaged in the sum of $3,200; that the W. P. A. foreman was guilty of negligence in conducting the work in the manner in which it was conducted, on the occasion in question; that such negligence was not the sole cause of appellant's injury; that such foreman was guilty of negligence in the manner in which he loaded the pipe on the

truck; and such negligence was not the sole cause of appellant's injury; that such foreman instructed the men (which was meant to include appellant) to sit on the pipe while the truck was in motion; that the foreman was guilty of negligence in this regard, and such negligence was not the sole cause of appellant's injury; that the said foreman did not fail to demand different equipment on the truck; that the W. P. A. officials were guilty of negligence in handling the job in question; that such negligence was not the sole cause of appellant's injury; that appellant was not guilty of contributory negligence "in riding on the truck in question, under the circumstances existing at the time in question."

Appellant had dismissed his suit as to the defendant Hubbs, and the trial court had refused the City's motion for a peremptory instruction in its favor before the charge was given to the jury.

Appellant moved for judgment against the City on the verdict, and his motion was denied. The City moved for judgment notwithstanding the verdict, and such motion was sustained and judgment rendered that appellant take nothing. Hence the appeal.

Appellant contends that there are four reasons why he is entitled to a judgment. (1) If appellant was an employee of the U. S. Government, the fact that the work being carried on was for the mutual benefit of the Federal Government and the said City, imposed a duty upon the City to furnish reasonably safe equipment for appellant's use and to use ordinary care to prevent his being injured; (2) if the Federal Agency which was doing the work was an independent contractor, under the facts in this case, nevertheless, the City owed the employees of such Federal Agency the duty to furnish reasonably safe equipment with which to work; (3) since the work was being done for the benefit of the City, and under the direction and control of one Norris, its general superintendent, appellant was, as a matter of law, an employee of the City, and it owed him the duty of exercising ordinary care in furnishing him tools and material with which to work; and (4) the work being a part of a larger undertaking being done for the City, the fact that appellant was under the immediate supervision of the W. P. A. foreman did not relieve the City from the consequences of its.

negligence because appellant, through such foreman, was subject to the ultimate control of the general superintendent for such City, as to the manner and means of the work to be done.

■ Appellant has made as strong a presentation of his case as, in our opinion, could be done, but we cannot agree with his contentions.

Stating the facts in the strongest light possible, we find appellant employed by the Works Progress Administration, an agency of the Federal Government, on a public work undertaken by such Federal Agency, in an effort to enlarge the public water works system of the City of Wichita Falls. We find the City furnishing a truck and a driver of same to be used in the conduct of this public work, and we find appellant, a day laborer, working on and with the truck; that is to say, appellant and his immediate co-laborers, employed by such Federal agency, had the duty of loading heavy water pipes on the truck, which they rode, after same was loaded, and when they reached the proper place, they unloaded the pipe. We find it charged and established that the truck had some broken "loops" and at least one broken "standard"; that the Federal employee in charge of the work inspected and approved the truck and that he asked for a chain to be used in hauling the water pipes, but same was not furnished by the City. We find that appellant had made several trips on this truck, and had observed that the pipes rolled, or shifted, when the truck was in motion, and especially when it turned a corner; but we find appellant continuing to ride on the truck and on the pipes, after these experiences, and, on the particular occasion, after the pipes had shown a disposition to shift and move, and the subforeman in charge of the truck and men had stopped the truck and had attempted to "scotch" the pipes with pieces of wood, and had tied them together with a rope.

It is evident that the defects in the truck were open and obvious, when appellant went to work on it, and with it. It is likewise evident that appellant knew there was no chain furnished with which to tie the pipes, and that he must have known that there was some danger attached to the moving, or rolling, of the pipes.

We think the rule laid down in Southern Oil Co. v. Church, 32 Tex.Civ.App. 325, 74 S.W. 797, see, also, 75 S.W. 817, writ refused, is to be applied here.

In the case cited, the oil company desired certain oil wells drilled on its premises, and employed certain contractors to do the work, but furnished certain materials to be used on the job, more especially a derrick which was defective. The contractors' employee, Church, was injured while at work and because of the defective derrick. The court held that there was no contract duty resting upon the oil company to Church, and the law would imply the duty upon the oil company not to intentionally or willfully injure Church, or knowingly furnish him agencies to be used in his employment that are inherently dangerous. The court found no such state of facts existing in that case, and held that the duty of looking to the care of the employee, Church, under the facts of that case, rested upon the contractor, and that for negligence which consisted merely in acts of omission or failure to perform ordinary care looking toward his safety, Church should be limited to a recovery from the contractor.

We follow the reasoning in that case here.

■ We find no contract duty resting upon the appellee City to appellant. The law implies a duty resting upon the City not to knowingly furnish appellant agencies to be used in his employment that were inherently dangerous.

It cannot be reasonably said that the truck, in its defective condition, and without the strong rope, or chain, to be used in tying the pipes constituted an inherently dangerous agency.

Appellant was injured because of the negligent acts of his immediate employer's employees, as was found by the jury, and his recovery must be from them and not from the City.

Finding no error, the judgment of the trial court is affirmed.

Appellee has brought forward a number of cross-assignments of error, and we deem it proper to say that, while we do not now discuss them, if our judgment of affirmance be erroneous, nevertheless, the cause should be reversed and remanded.